## LUCAS v. WESTERN CASUALTY & SURETY CO.
### No. 3867.

United States Court of Appeals
Tenth Circuit.
July 27, 1949.

Julian B. Fite, Muskogee, Okl., for appellant.

Clyde Watts, Oklahoma City, Okl. (Looney, Watts, Ross, Looney & Smith, Oklahoma City, Okla., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PHILLIPS, Chief Judge.

A. H. Leal entered into a contract with the Oklahoma Highway Commission for the construction of certain highway projects. Pursuant to 61 Okl.St.Ann. § 1, Leal, as principal, and Western Casualty & Surety Company[1] entered into a bond conditioned for the payment of all indebtedness incurred for labor or materials furnished in the construction of such highway projects. Leal entered into a contract with Lucas whereby Lucas agreed to deliver from plant or quarry to the location of the projects crushed stone and sand to be used in the construction work, and Leal agreed to pay Lucas for such transportation .0225 cents per quarter mile yard haul of rock, and .55 cents per cubic yard of sand. Thereafter, Lucas proceeded to

---

[1] Hereinafter called the Surety Company.

assemble the necessary trucks and equipment and effect an organization for the delivery of such sand and rock. Lucas' services consisted solely in furnishing his own time and energies. He did not own the trucks. The record does not disclose his arrangement for the use thereof with the truck owners. In assembling the trucks and equipment and effecting an organization for carrying out the contract and in supervising the transportation of rock and sand, Lucas devoted 45 days. He was then directed by Leal to cease performance under the contract. At that time, Lucas had delivered approximately one-third of the material. The completion of the job would have required only 15 additional days of his time. Lucas, at the time he was directed to cease performance, had been paid for all of the material delivered except $383.50. He was not to receive wages but depended on profit under the contract for his remuneration. Lucas brought an action against Leal in the district court of Craig County, Oklahoma, and recovered a judgment for $383.50 for work performed under the contract and an additional judgment for $2,081.46 for breach of contract. Thereafter, Lucas brought this action against the Surety Company on the bond and, on December 20, 1948, the parties filed a written stipulation in the case, which recited the foregoing facts and these additional facts: Had the contract been fully performed by Lucas, he would have realized a profit of $3,000. He was paid $616.50. There was due him for work performed $383.50. The value of the services performed, based on the contract price, was $2,250. Lucas claimed $383.50 for material delivered under the contract and $1,250 for services performed prior to the breach of the contract. The Surety Company admitted that it was indebted to Lucas for $383.50 and denied liability for the additional claim of $1,250.

On October 25, 1948, the clerk made the following entry in the cause in the civil docket book: "Enter record of trial before the Court. Counsel stipulate all facts. Judgment entered favor deft., T. M. Lucas, in sum of $383.50 for sums earned and denied as to unearned amounts. Counsel directed to exchange briefs, and further trial continued to November 15, 1948, 9:30 A. M."

On December 20, 1948, the trial court entered a written judgment, which was approved by counsel for Lucas and the Surety Company, and which recited that the cause came on for hearing October 25, 1948, and that counsel presented a stipulation of facts to the court. The court found that Lucas was entitled to recover $383.50, but was not entitled to recover his additional claim for $1,250. The judgment awarded Lucas $383.50 and the costs of the action. On December 22, 1942, Lucas filed his notice of appeal.

■ The Surety Company has filed a motion to dismiss the appeal on the ground that the notice of appeal was not filed in time.

Rule 79 of the Federal Rules of Civil Procedure, 28 U.S.C.A., requires the clerk to keep a book known as "civil docket," and to note therein chronologically "all * * * orders, verdicts, and judgments." Rule 58 of the Rules of Civil Procedure provides that "When the court directs that a party recover only money or costs or that all relief be denied, the clerk shall enter judgment forthwith upon receipt by him of the direction; * * *. The notation of a judgment in the civil docket as provided by Rule 79(a) constitutes the entry of the judgment; and the judgment is not effective before such entry." Rule 73 of the Rules of Civil Procedure provides that an appeal shall be taken within 30 days from the entry of the judgment appealed from.

Rule VII of the Supplemental Rules of Civil Procedure of the United States District Court for the Western District of Oklahoma provides:

"(b) *Judgments by the clerk.*—In the following instances, judgments may be entered forthwith by the clerk without further direction from the judge:

"(1) Judgments on the verdict of a jury in the circumstances specified by Rule 58, Federal Rules of Civil Procedure, unless the court directs otherwise.

508

"(2) Judgments by default in the circumstances and upon the proof specified in Rule 55(b)(1), Federal Rules of Civil Procedure, and affidavit that the person against whom judgment is sought is not an infant or incompetent person.

"(3) Judgments on offers of judgment in the circumstances set forth in Rule 68, Federal Rules of Civil Procedure.

\* · \* \* \* \* \*

"(3) Except in the instances enumerated in subdivisions \* \* \* of this rule, no judgment \* \* \* will be noted in the civil docket until the clerk has received from the court a specific direction to enter it. Unless the court's direction is given to the clerk in open court and is noted in the minutes, it should be evidenced by the signature or initials of the judge on the form of judgment or order."

The judgment in the instant case does not come within those enumerated in subdivision (b) of Rule VII. The entry of judgment was not directed by the court until the written judgment was signed by the trial judge on December 20, 1948. The court did not, on October 25, 1948, specifically direct, as required by the Supplemental Rules, that Lucas recover money or costs. Furthermore, the entry of the clerk in the civil docket recites that counsel was directed to file briefs and that the trial was continued to November 15, 1948, plainly showing that the court did not intend a final disposition on October 25, 1948. The motion to dismiss is denied.

■ On the merits, the question is whether the services performed by Lucas in assembling the equipment and effecting an organization for the performance of the contract constituted labor furnished in the construction of the highway projects within the meaning of 61 Okl.St.Ann. § 1.[2] Under the contract, Lucas was to transport crushed stone and sand from plant or quarry to the points where the projects were being constructed. Any labor performed in the transportation of the material was clearly labor in the construction of the projects, but labor performed in assembling equipment and effecting an organization to carry out the transportation contract was not, in our opinion, labor furnished in the construction of the projects,[3] and for his compensation therefor, Lucas must look to profits to be derived from carrying out the contract and to damages for the breach of his contract.

■ A subcontractor may not recover on the statutory bond conditioned for the payment of all indebtedness incurred for labor or material furnished in the construction of the work, damages resulting from the contractor's refusal to permit the subcontractor to fully perform the subcontract.[4]

The judgment is affirmed.

---

[2] Title 61 Okl.St.Ann. § 1 provides that whenever any public officer shall enter into a contract in any sum exceeding one hundred dollars, for making any public improvements, such officer shall take from the party contracted with a bond with good and sufficient sureties "conditioned that such contractor \* \* \* shall pay all indebtedness incurred for labor or material furnished in the construction of said \* \* \* public improvements."

[3] Green Construction Co. v. Chorn, 173 Okl. 85, 46 P.2d 499, 500; United States Fidelity & Guaranty Co. v. Cagg, 181 Okl. 569, 75 P.2d 412, 414; United States Fidelity & Guaranty Co. v. Ed Hockaday & Co., 182 Okl. 73, 76 P.2d 911, 912.

[4] L. P. Friestedt Co. v. U. S. Fireproofing Co., 10 Cir., 125 F.2d 1010, 1012; United States v. Maryland Casualty Co., 5 Cir., 147 F.2d 423, 425; Terry v. United States Fidelity & Guaranty Co., 196 Wash. 206, 82 P.2d 532, 534, 119 A.L.R. 1276.