532

## WILKINS v. COUCH et al.
### Civ. A. No. 4615.

United States District Court
W. D. Oklahoma.

June 16, 1950.

O. B. Martin, Don Cameron, Oklahoma City, Okl., for plaintiff.

V. E. Stinchcomb, Oklahoma City, Okl., for defendant.

CHANDLER, District Judge.

This case is now before the Court on the defendant's second motion for a new trial. The case was tried on January 23, 1950, on which date the following entry was made by the Clerk in the Civil Docket: "Ent. record of trial before the Court. Court holds burden is on deft. Evidence heard and Court finds in favor of plf. vs. deft. in sum of $465.00 and costs and $250.00 Atty. fee. Counsel each granted 5 days to file brief on Statute of Limitation and Court to announce decision."

The defendant's first motion for a new trial was filed on February 2, 1950. On March 29, 1950, the Clerk made a notation in the Civil Docket that the Court had sustained the motion and filed findings of fact, conclusions of law, and a judgment. The following entry was made with respect to the judgment: "Filed J. E. Judgment, pltff. to recover from deft., Maud Couch, $540.00 with interest from this date and the further sum of $250.00, atty's fee, and costs of this action; dft. to take notice and be governed accordingly. (Dated 3-15-50)" On April 7, 1950, the defendant filed this second motion for a new trial.

The defendant's principal contention in this motion is that the Court erred in entering the judgment on March 29, 1950 in that it did so on its own initiative after the time in which it could do so had expired under Rule 59 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Rules 59(b) and 59(d) are as follows:

59(b) "A motion for a new trial shall be served not later than 10 days after the entry of the judgment."

59(d) "Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor."

It may be assumed that if a judgment was entered on January 23, 1950, the Court

erred in entering the findings of fact, conclusions of law and judgment on March 29, 1950, which were on the Court's own initiative and not within the grounds upon which the defendant based her first motion for new trial.[1] If, on the other hand, no previous judgment was entered, the court could rightfully amend its original findings of fact and conclusions of law and render judgment accordingly.[2]

No particular formality is required for the rendition of a judgment and an oral judgment may be entirely valid.[3] However, a judgment must make a final determination and disposition of the claim.[4] No such final disposition was made here for counsel were "each granted 5 days to file brief on Statute of Limitations and Court to announce decision." Rather than a final disposition of the case, the Court made findings of fact and tentative conclusions of law and these clearly do not constitute a judgment.[5] At no time did the Court use the words "order," "judgment," or "decree," or any words of similar meaning, but rather it was said that "The Court finds * * *," following which the Court made several findings including one as to the amount of damages and another as to the amount of a reasonable attorney's fee.

Even assuming that a judgment was rendered on January 23, 1950, no such judgment was ever entered. Rule 58 of the Federal Rules states: "The *notation of a judgment* in the civil docket as provided by Rule 79(a) constitutes the entry of the judgment; and the judgment is *not effective before such entry.*" No notation of judgment was made with respect to January 23, 1950 because the terminology did not denote an entry of judgment. Instead it merely indicated that a finding had been made.[6] The tentative character of such findings was made clear by the reference to the filing of briefs and the "Court to announce decision." [7] The distinction between such an entry and an entry of judgment may be seen by contrasting the entry on January 23, 1950, with the entry of judgment on March 29, 1950.[8]

Under the Federal Rules, the trial court has the power to amend its findings without taking additional testimony even after a judgment has been entered.[9] A fortiori it has such power prior to the entry of judgment.

Other grounds for the defendant's motion are without merit and said motion is hereby overruled.

1. Freid v. McGrath, 76 U.S.App.D.C. 388, 133 F.2d 350; Marshall's U. S. Auto Supply, Inc., v. Cashman, 10 Cir., 1940, 111 F.2d 140; Thomas v. Hunter, D.C.Kan. 1948, 78 F.Supp. 925.

2. F.R.C.P. 59(a) states: "On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."
   F.R.C.P. 52(b) states: "Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59."
   Cf. Eberhart v. Crystal Springs Bleachery, D.C.E.D.Tenn.1941, 1 F.R.D. 778.

3. See, In re Forstner Chain Corp., 1 Cir., 1949, 177 F.2d 572, 576; Western Union Telegraph Co. v. Dismang, 10 Cir., 1939, 106 F.2d 362, 363.

4. Lucas v. Western Casualty and Surety Co., 10 Cir., 1949, 176 F.2d 506.

5. Breeding Motor Freight Lines, Inc. v. R.F.C., 10 Cir., 1949, 172 F.2d 416. See, Winkelman v. General Motors Corp., D.C.S.D.N.Y.1942, 48 F.Supp. 490, 494.

6. The entry accurately reflected the action of the Court.

7. Lucas v. Western Casualty and Surety Co., 10 Cir., 1949, 176 F.2d 506.

8. It is perhaps worth noting that none of the entries on March 29, 1950 made any reference to the existence of a prior judgment.

9. Cf. McCraw v. Simpson, 10 Cir., 1944, 141 F.2d 789. See note 2, supra.