Russell WEEDON and Wilbert F.
Weedon, Appellants,

v.

John GADEN, Appellee.

No. 21827.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 3, 1968.

Decided June 30, 1969.

Petition for Rehearing Denied
September 30, 1969.

Mr. Albert D. Brault, Washington, D. C., for appellants.

Mr. Norman H. Heller, Washington, D. C., for appellee.

Before BAZELON, Chief Judge, and McGowan and ROBINSON, Circuit Judges.

SPOTTSWOOD W. ROBINSON, III, Circuit Judge:

In our consideration of this appeal, we have waded through a veritable quagmire of procedural infirmities, in the quicksand of which the parties, counsel, and court personnel alike have become engulfed since the litigation began nearly 12 years ago. We have noted, too, a remarkable procession of events giving rise to appellants' vigorous claims of substantive error which, for the most part, are beyond our jurisdiction to entertain. We deal with so much of the subject matter of the appeal as falls within the ambit of our authority, and leave the remainder untouched by comment on the merits. In the end, we conclude that what is properly before us is free from fault, and so we affirm.

I

On July 5, 1957, appellee, while crossing a street in the District of Columbia, was struck by an automobile owned by one of the appellants and driven, with his consent, by the other. Eleven days later, appellee filed a complaint in the District Court alleging negligence on the part of both appellants and seeking damages for personal injuries sustained in the acci-

dent. Appellants denied liability by an answer filed August 23, 1957, at which time the action was calendared for trial, and on April 6, 1959, it was placed on the ready calendar.

Subsequently, the case was twice scheduled for pretrial conferences that did not materialize, but ultimately came on for such a conference on December 2, 1959. For some unexplained reason, and though given timely advance notice of the conference, appellants' trial counsel, who is not his counsel on appeal, did not attend. The usual practice in such situations, we are informed, is to attempt to reach the absent attorney by telephone. Appellants state that no such effort was made, while appellee's counsel has no recollection as to whether it was or not.

In any event, on the same day and without notice to appellants' attorney, appellee's counsel moved the court for entry of appellants' default.[1] The court granted the motion and on the next day —December 3, 1959—entered an order noting the default and directing that the case be set for a hearing for the purpose of assessing the amount of appellee's damages.[2] Appellants assert that notice —which the clerk is required to give of all judgments and orders entered[3]—was never afforded with respect to this order. Appellee argues, on the basis of a notation in the docket,[4] that the clerk sent a notice of the entry of the order to appellants' attorney.

Several months later, on June 23, 1960, appellants' counsel examined the docket entries and learned of the order of December 3, 1959. Although he might then have moved to set the default aside,[5] no such motion was made and, apart from stating that his records on the case were subsequently misplaced in his office, he has not explained why he did nothing about the default.

The inquisition as to damages was held on October 4, 1960. Appellee's attorney gave no notice thereof to appellants' counsel.[6] The court, after hearing testimony, awarded appellee a judgment, formally entered on October 5, 1960, for $15,000.[7] Again the claim is made that appellants' attorney received no notice, and appellee once more points to a notation in the docket indicating that a clerk's notice of the entry of the judgment was sent to appellants' counsel.

The matter then lay dormant for many years, without apparent effort to enforce

1. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default." Fed.R. Civ.P. 55(a).

2. Fed.R.Civ.P. 55(b) requires a party entitled to a default judgment for unliquidated damages to apply to the court therefor. It continues:

    If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references

    as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

3. See Fed.R.Civ.P. 77(d), quoted *infra* note 27. The notice is to be given by mail. Id.

4. Fed.R.Civ.P. 77(d) requires the clerk to note the mailing in the docket.

5. "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with rule 60(b)." Fed.R.Civ.P. 55(c).

6. See Fed.R.Civ.P. 55(b), quoted in relevant part *supra* note 2.

7. Appellee expressly, but without notice to appellants, withdrew the demand for a jury trial that was endorsed upon his complaint. See Fed.R.Civ.P. 38, 39 and note 2, *supra*. But see Barber v. Turberville, 94 U.S.App.D.C. 335, 336, 338, 218 F.2d 34, 35, 37 (1954).

the judgment. In July, 1967, one of the appellants, a long-time employee of the Government, received a letter from his personnel officer informing him that he had to arrange for its payment. Both appellants declare by affidavit that this was the first information they had of the judgment. They promptly contacted their attorney who, on September 12, 1967, filed a motion to vacate both the entry of default on December 3, 1959, and the default judgment entered on October 5, 1960.

On September 29, 1967, the motion to vacate was argued and was taken under advisement. On November 17, 1967, an order, signed by a deputy clerk, was filed and entered on the docket. This order denied appellants' motion in toto. Present counsel on both sides represent to us that neither received a clerk's notice of the order.

A subsequent check of the docket entries by appellants' attorney on January 19, 1968, revealed the action recited in the last-mentioned order and a few days later, on January 24, 1968, appellants' counsel filed a motion to vacate the order of November 17, 1967. On February 13, 1968, this motion was denied by the judge's fiat,[8] without hearing. From

that denial this appeal was taken by a notice of appeal filed on March 18, 1968.

## II

This appeal, we repeat, was taken from the court's denial on February 13, 1968, of appellants' motion to vacate the order of November 17, 1967, which in turn denied the motion to vacate the default judgment. The attack on the latter order was predicated on the circumstance that the filed judgment was signed, not by the judge, but by the clerk.[9] Appellants contend that the clerk lacked legal authority to adjudicate their motion to vacate,[10] and with that proposition we readily agree.[11] But we cannot, on the record before us, accept the factual theory that the clerk made the adjudication.

Appellants' assumption in that regard apparently *stems from a failure to distinguish sharply between three concepts which mark normal stages in the evolution of a civil judgment.* We use the latter term because the order of November 17, 1967, was a judgment in the full sense of the word.[12] A judgment must first be rendered, that is, the court's adjudication must be pronounced.[13] This enunciation of the judgment may be either written or oral;[14] if pronounced

8. See note 19, *infra,* and accompanying text.

9. The order is on a mimeographed form. At the foot, on the right-hand side, appears the name of the clerk beneath which is the signature of a deputy clerk acting in the clerk's behalf. On the left-hand side is the typed name of the presiding judge. Compare Official Forms 31, 32, Fed.R.Civ.P.

10. In the District Court, appellants also urged that their counsel did not receive notice of the entry of the order of November 17, 1967. As appears from our discussion in Part III, they derive nothing from that argument.

11. Both Fed.R.Civ.P. 77(c) and the District Court's implementing Rule 10 specify certain motions and applications that are grantable by the clerk in a civil case. A motion to vacate a judgment is included in neither.

12. " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies." Fed.R.Civ.P. 54(a).

13. The Washington, 16 F.2d 206, 208 (2d Cir. 1926); 6 J. Moore, Federal Practice ¶ 54.02 at 16 (2d ed. 1965).

14. See In re Forstner Chain Corp., 177 F.2d 572, 576 (1st Cir. 1949); Wilkins v. Couch, 10 F.R.D. 532, 533 (W.D.Okla. 1950); 6 J. Moore, Federal Practice ¶ 54.02 at 16 (2d ed. 1965). But whatever its form, it is essential that the pronouncement "embodies the essential elements of a judgment for money and clearly evidences the judge's intention that it shall be his final act in the case." United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 232, 78 S.Ct. 674, 678, 2 L.Ed.2d 721 (1958). See also In re Forstner Chain Corp., *supra,* 177 F.2d at 576; Wilkins v. Couch, *supra,* 10 F.R.D. at 533.

orally, the judgment is usually committed to writing later.[15] Customarily, the written document is then filed by delivery to the clerk for custodial purposes.[16] Lastly, the judgment is entered by a notation in the civil docket.[17] Rendition of judgment, the judicial act, is of course for the court; its filing and entry are ministerial activities to be handled by the clerk.

■ Rule 58 of the Federal Rules of Civil Procedure in relevant part provides that "upon a decision by the court that * * * all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court." The order of November 17, 1967, totally denied appellants' motion to vacate the default judgment. Thus we do not perceive more than a faithful performance of the duties commanded by Rule 58 in the bare circumstance that the filed order of November 17, 1967, was ostensibly prepared and concededly signed by the clerk. To undertake here to extract more is not only to do violence to the presumption of regularity surrounding all judicial proceedings and records,[18] but also to disregard the District Court's subsequent affirmation of regularity in the matter complained of. The motion leading to the order of February 13, 1968, presented the very argument urged here—that the clerk had made the adjudication evidenced by the order of November 17,

1967. That contention was rejected by the denial of the motion, not by another clerk-prepared and -signed order but, this time, by a District Judge's fiat.[19] It would strain beyond the breaking point an already strained argument to say that we could not be satisfied without more.

### III

Appellants' claims in this case go far beyond the District Court's action on February 13, 1968, to which this appeal is specifically directed. They extend also to the merits of the order of November 17, 1967, which left the default judgment intact. The annulment of that judgment is, of course, appellants' ultimate goal, and we commend the valiant effort made by their counsel. But it is evident to us, though not suggested by the parties,[20] that we have no jurisdiction to consider the last-mentioned order, and cannot entertain appellants' arguments concerning it.

■ To put the present problem in proper perspective, we briefly recapitulate the salient events. The order of November 17, 1967, denied appellants' motion to vacate the default judgment, thus evidencing the District Court's resolution of the issues raised by the motion. That order is devoid of any suggestion that anything in regard to its subject matter was left open for future determination and so, as we have already indicated, it was clearly final and appeal-

15. An example is the situation where the court pronounces a decision granting non-monetary relief and the written judgment must assume a special form. See Fed.R. Civ.P. 58.

16. The Washington, *supra* note 13, 16 F.2d at 208–209; In re Forstner Chain Corp., *supra* note 14, 177 F.2d at 576; 6 J. Moore, Federal Practice ¶ 54.02 at 17 (2d ed. 1965).

17. The Washington, *supra* note 13, 16 F.2d at 208; In re Forstner Chain Corp., *supra* note 14, 177 F.2d at 576; 6 J. Moore, Federal Practice ¶¶ 54.02, 58.02 (2d ed. 1965).

18. See Kalb v. Feuerstein, 308 U.S. 433, 438, 60 S.Ct. 343, 84 L.Ed. 370 (1940);

Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); McKinney v. United States, 93 U.S.App. D.C. 222, 224, 208 F.2d 844, 847 (1953).

19. The fiat reads "Denied," followed by the signature of the judge.

20. "[A] court may at any time, even on its own accord, raise questions pertaining to its own jurisdiction." In re Adoption of a Minor, 94 U.S.App.D.C. 131, 133–134, 214 F.2d 844, 846–847, 47 A.L. R.2d 813 (1954). See also Louisville & Nashville R. R. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908); Brooks v. Laws, 92 U.S.App. D.C. 367, 379, 208 F.2d 18, 30 (1953).

able.[21] Only one notice of appeal has been filed in this litigation, and that on March 18, 1968, directed to the court's action on February 13, 1968, and not the order of November 17, 1967. Even if the notice of appeal could nonetheless be deemed to embrace that order—a dubious proposition,[22] but one we need not consider—the appeal from that order would be fatally untimely.

Civil appeals between private parties from a district court to a court of appeals must be taken by the filing of a notice of appeal with 30 days from the entry of the judgment appealed from.[23] The time period is jurisdictional,[24] and the scant provision for its enlargement, even had it been invoked here, would not accommodate the instant problem.[25] By any measure, appellants' notice of appeal came too late to bring the order of November 17, 1967, before us for review.[26]

In so concluding, we have not overlooked the fact that appellants' counsel did not receive notice of the entry of that order,[27] and did not find out about it until it was too late to file a timely notice of appeal. That unfortunate circumstance cannot be attributed to appellee, for while, had he known of the order, he might have served a notice of its entry, he was under no compulsion to do so,[28] moreover, appellee's counsel did not get notice either. And while Rule 77(d)

21. Greenspahn v. Joseph E. Seagram & Sons, 186 F.2d 616, 618–619 (2d Cir. 1951); Cromelin v. Markwalter, 181 F. 2d 948, 949 (5th Cir. 1950); In re Marachowsky Stores Co., 188 F.2d 686, 689–690 (7th Cir.), cert. denied 342 U.S. 822, 72 S.Ct. 41, 96 L.Ed. 622 (1951).

22. See, e. g., Muhs v. Acme-Hamilton Mfg. Co., 319 F.2d 843, 844 (3d Cir. 1963).

23. This was the specification of Fed.R. Civ.P. 73(a), in effect when the appeal in this case was initiated. Rule 73(a) has since been superseded by Fed.R.App. P. 4(a), which is identical in tenor.

24. Lord v. Helmandollar, 121 U.S.App.D. C. 168, 170, 348 F.2d 780, 782 (1965), cert. denied 383 U.S. 928, 86 S.Ct. 929, 15 L.Ed.2d 847 (1966); Whitehead v. American Sec. & Trust Co., 109 U.S. App.D.C. 202, 206, 285 F.2d 282, 286 (1961); Slater v. Peyser, 91 U.S.App. D.C. 314, 315, 200 F.2d 360, 361 (1952); Randolph v. Randolph, 91 U.S.App.D.C. 170, 172, 198 F.2d 956, 958 (1952).

25. Fed.R.Civ.P. 73(a) then provided, as Fed.R.App.P. 4(a) does now, that the period for appealing might be extended for a period of 30 days upon a showing of excusable neglect. The approximately three-month interval in this case between the order of November 17, 1967, and the date of the filing of the notice of appeal is too great to enable appellants to benefit from the addition of a 30-day extension to the original 30-day appeal period.

26. The notice of appeal came three months after the order of November 17, 1967— two months beyond the 30-day appeal period. Compare the cases cited *supra* note 24. Importantly, appellants' motion to vacate that order did not disturb its finality, see Fed.R.Civ.P. 60(b), or toll the time for an appeal from it, see Advisory Committee Note to Fed.R.Civ.P. 60(b) (1946 amend.). See also Demers v. Brown, 343 F.2d 427, 428 (1st Cir.), cert. denied 382 U.S. 818, 86 S.Ct. 40, 15 L.Ed.2d 64 (1965); Wagner v. United States, 316 F.2d 871, 872 (2d Cir. 1963); Saenz v. Kenedy, 178 F.2d 417, 419 (5th Cir. 1950); In re Marachowsky Stores Co., *supra* note 21, 188 F.2d at 689. And appellants are not helped by the principle enunciated in Sleek v. J. C. Penney Co., 292 F.2d 256 (3d Cir. 1961), with which compare Muhs v. Acme-Hamilton Mfg. Co., *supra* note 22.

27. "Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." Fed.R. Civ.P. 77(d).

28. Fed.R.Civ.P. 77(d), quoted *supra* note 27.

requires the court "[i]mmediately upon the entry of an order or judgment" to "serve a notice of the entry by mail * * * upon each party who is not in default for failure to appear," [29] that provision cannot avail appellants. The Rule explicitly provides that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed * * *," [30] and the history of that provision demonstrates that it was precisely an instance of the type presented in this case that the provision was designed to govern.[31] As the Advisory Committee to the Rules took pains to make clear more than two decades ago:

> Rule 77(d) as amended makes it clear that notification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants. And lack of such notification in itself has no effect upon the time for appeal * * *. It would, therefore, be entirely unsafe for a party to rely on absence of notice from the clerk of the entry of a judgment, or to rely on the adverse party's failure to serve notice of the entry of a judgment.[32]

The adjudication appealed from must be

Affirmed.

29. The Rule is quoted in full in note 27, *supra.*

30. See note 27, *supra.*

31. Prior to the insertion of the provision quoted in the text as a part of Fed.R. Civ.P. 77(d), the Supreme Court, in Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 (1944), approved the action of a trial judge in vacating a judgment to allow time for an appeal after the clerk had omitted notification to the parties of the entry of the judgment. As we have

had previous occasion to observe, "[t]he Notes of the Advisory Committee on Rules make clear that the purpose of these amendments was, in effect, to overrule Hill v. Hawes, *supra*, which potentially gave a district court the power to revive a right of appeal at any time by simply vacating and re-entering its original judgment." Lord v. Helmandollar, *supra* note 24, 121 U.S.App.D.C. at 170, 348 F.2d at 782.

32. Advisory Committee Note to Fed.R.Civ. P. 77(d) (1946 amend.).