**EXPEDITIONS UNLIMITED AQUATIC ENTERPRISES, INC., et al., Appellants,**

v.

**SMITHSONIAN INSTITUTE et al.**

No. 73–1297.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 10, 1974.

Decided June 26, 1974.

John J. Pyne, Washington, D. C., for appellants.

N. Richard Janis, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., at the time the brief was filed, and John A. Terry, Asst. U. S. Atty., were on the brief, for appellees.

Before BAZELON, Chief Judge, LEVENTHAL, Circuit Judge, and SOLOMON,* United States District Judge for the District of Oregon.

PER CURIAM:

Expeditions Unlimited Aquatic Enterprises, Inc., and Norman Scott (appellants) filed an action for libel against the Smithsonian Institution, its regents, and Clifford Evans (appellees) on January 8, 1971. On the same day another action between the same parties was filed. On March 12, 1971, appellees filed a motion to dismiss or in the alternative for summary judgment. On December 13, 1971, the parties filed their

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

final briefs and the court took the motion under advisement.

On January 17, 1972, the court entered summary judgment for appellees. Neither the appellants nor the appellees learned of the entry of judgment. While engaged in discovery in the companion case, counsel for the parties periodically discussed whether there had been a decision on the motion in this case. On November 20, 1972, in a conversation with the trial judge's clerk, counsel for appellants first learned that the order granting summary judgment in favor of appellees had been entered more than ten months earlier.

On December 4, 1972, appellants filed a motion to vacate and re-enter the summary judgment in order to preserve their right to appeal. The appellees did not oppose the motion. Nevertheless, the court denied it without opinion on December 19, 1972. Appellants filed a timely appeal.

■ Rule 60(b)(6) of the Federal Rules of Civil Procedure allows a district court to relieve a party from a final judgment for "any . . . reason justifying relief from the operation of the judgment." This section "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." Klapprott v. United States, 335 U.S. 601, 615, 69 S.Ct. 384, 398, 93 L.Ed. 266 (1949).

Here none of the parties knew of the judgment until ten months after it had been entered. The clerk did not notify the parties of the entry of judgment as required under Rule 77(d) of the Federal Rules of Civil Procedure, nor did the trial judge follow the usual practice of sending the parties copies of the opinion or order granting summary judgment.

The motion to vacate and re-enter the judgment was filed only two weeks after appellants learned that the judgment had been entered.

■ We recognize that Rule 77(d) provides that the failure of the clerk to notify a party of the entry of judgment does not extend the time within which the party may appeal. This rule is intended to preserve the finality of judgments. If the parties do not know of the entry of judgment, the winning party cannot rely on the judgment and the losing party cannot make a "free, calculated, deliberate" choice not to appeal. Ackermann v. United States, 340 U.S. 193, 198, 71 S.Ct. 209, 95 L.Ed. 207 (1950). In these circumstances the purposes behind Rule 77(d) would not be served by denying the losing party the privilege of appealing and, in our view, justice demands that the losing party be given that opportunity.

Although several cases in this circuit have held that a motion to vacate and re-enter a judgment under Rule 60(b) cannot be used to extend the time for appeal, the facts in those cases are distinguishable. In Lord v. Helmandollar, 121 U.S.App.D.C. 168, 348 F.2d 780 (1965), cert. denied, 383 U.S. 928, 86 S. Ct. 929, 15 L.Ed.2d 847 (1966), local counsel received notice of the entry of judgment but out-of-state counsel did not. The negligence of local counsel and not the failure of the clerk or the court resulted in the failure to timely appeal. In Hodgson v. United Mine Workers, 153 U.S.App.D.C. 407, 413, 414, 473 F. 2d 118, 124, 125 (1972), appellant moved to vacate the judgment under Rule 60(b) even though he could have sought a thirty-day extension of time to appeal. Fed.R.App.P. 4(a). In each case counsel knew of the entry of judgment in time to perfect an appeal under the Rules.[1]

---

1. In Weedon v. Gaden, 136 U.S.App.D.C. 1, 419 F.2d 303 (1969), appellant moved on September 12, 1967, to vacate a default judgment entered seven years earlier. This motion was denied on November 17, 1967, but none of the parties received notice of the order denying the motion. On January 19, 1968, appellant learned of the order. He filed a motion to vacate on January 24. The motion was denied on February 13. On March 18, he filed a notice of appeal from the order of February 13. He did not seek a thirty-day extension of time within which to appeal. Fed.R.Civ.P. 73(a) (1968); *see* Fed.R.App.P. 4(a). Since the notice of appeal was filed more than thirty days after

We believe that a trial court may vacate and re-enter a judgment under Rule 60(b) to allow a timely appeal when neither party had actual notice of the entry of judgment, when the winning party is not prejudiced by the appeal, and when the losing party moves to vacate the judgment within a reasonable time after he learns of its entry. Smith v. Jackson Tool & Die, Inc., 426 F.2d 5 (5th Cir. 1970); 6A Moore's Federal Practice ¶ 60.03[9] (2nd ed. 1971). A reasonable time might be judged by the thirty-day period in which a party must file a notice of appeal under Rule 4(a) of the Federal Rules of Appellate Procedure.

The order of the district court denying appellants' motion to vacate is reversed.

the entry of the order from which the appeal was taken, this court did not have jurisdiction over the appeal. Randolph v. Randolph, 91 U.S.App.D.C. 170, 198 F.2d

956 (1952). The comments on the use of Rule 60(b) to preserve the right to appeal are therefore dicta.