780 F.2d 1043
 251 U.S.App.D.C. 25, 3 Fed.R.Serv.3d 1006,
Bankr. L. Rep. P 70,922
 ASHBY ENTERPRISES, LTD.
v.
WEITZMAN, DYM & ASSOCIATES, Appellant.
 No. 85-5010.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Nov. 14, 1985.
Decided Jan. 14, 1986.
 
 Appeal from the United States District Court for the District of Columbia (D.C.Civil Action No. 84-628).
 Robert E. Greenberg, Washington, D.C., for appellant.
 Alan M. Grochal, Baltimore, Md., with whom Eric F. Stoer, Washington, D.C., was on brief, for appellee.
 Before WRIGHT, EDWARDS and DAVIS,* Circuit Judges.
 Opinion for the court filed by Circuit Judge J. SKELLY WRIGHT.
 Concurring statement filed by Circuit Judge HARRY T. EDWARDS.
 J. SKELLY WRIGHT, Circuit Judge.
 
 
 1
 Appellant in this case, Weitzman, Dym & Associates, Inc. (Weitzman), challenges a decision of the District Court reversing in part a judgment of the United States Bankruptcy Court in favor of appellant. Because we find that appellant failed properly to invoke our appellate jurisdiction by filing a timely notice of appeal as required by the Federal Rules of Civil Procedure, we dismiss its appeal.
 
 I. BACKGROUND
 
 2
 Weitzman, an advertising agency, entered into an agreement with Ashby Enterprises, Ltd. (Ashby), a retail appliance outlet, to provide advertising services. Under the terms of the one-year contract, Ashby agreed to pay Weitzman a monthly fee and, if it chose to terminate the contract before its term had run, a $25,000 "penalty" fee. Shortly after the parties agreed to the contract, Ashby notified Weitzman that it planned to use another advertising agency. Weitzman then submitted a bill to Ashby for the first month's expenses plus the liquidated damages amount. Ashby refused to pay the bill and, on January 18, 1982, filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Columbia. Weitzman, in turn, filed proof of its claim for $32,142.14. The Bankruptcy Court ruled in favor of Weitzman. It held, however, that Weitzman was entitled to the first month's fee as well as to the liquidated damages. Accordingly, it awarded Weitzman $37,500.
 
 
 3
 Ashby appealed that decision to the District Court. The District Court affirmed the Bankruptcy Court in part, but reversed as to the liquidated damages clause. Finding that clause to be a penalty provision, the court refused to enforce it and reduced Weitzman's award of damages to $12,500.
 
 
 4
 The clerk of the District Court, however, failed to send notice of the court's judgment to Weitzman. Only Ashby received notice of the judgment. Weitzman only learned of the court's ruling when Ashby tendered a check to it in satisfaction of the judgment. Weitzman immediately moved in the District Court for permission to file a notice of appeal out of time. Before the court was able to rule on the motion, however, Weitzman modified its motion and instead sought to have the District Court's judgment vacated and re-entered in order to re-start the time period for filing a notice of appeal. The District Court granted appellant's motion and appellant filed its notice of appeal to this court.
 
 II. TIMELINESS OF THE APPEAL
 
 5
 Because appellate time limitations are "mandatory and jurisdictional," Browder v. Director, Dep't of Corrections of Illinois, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978), this court must first determine whether appellant has complied with the limits in this case. Spika v. Village of Lombard, Ill., 763 F.2d 282, 283 (7th Cir.1985).
 
 
 6
 The problem arises because appellant failed to file a notice of appeal within the time limits defined by Federal Rule of Appellate Procedure 4(a)(1). That rule provides that
 
 
 7
 [i]n a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from[.]
 
 
 8
 Rule 4(a)(5), however, allows a District Court judge to extend the 30-day time period upon a showing of excusable neglect or good cause.[1] Such a motion, however, must be made within 60 days of the judgment and can only extend the appeal period an additional 30 days.
 
 
 9
 The District Court entered its judgment on July 5, 1984. Appellant filed its notice of appeal on December 28, 1984. Thus, absent some other consideration, Weitzman's appeal is untimely.[2]
 
 
 10
 Weitzman did not receive notice of the District Court's order until after the 30-day appeal period had run. Although the District Court clerk properly entered the judgment of the court on its docket, it failed to send Weitzman notice of the judgment as required by Rule 77(d) of the Federal Rules of Civil Procedure. In such a case one might think that the appeal period would be extended to accommodate the litigant. In fact, this is exactly what the Supreme Court held in Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 (1944). In that case the clerk failed to notify the litigant of the court's decision and thus the litigant failed to file a timely notice of appeal. The Court held that the litigant was entitled to rely on the lack of notice of judgment and approved the District Court's action in vacating its original judgment and re-entering it in order to re-start the appeal period.[3] Id. at 524, 64 S.Ct. at 336.
 
 
 11
 After Hill v. Hawes, however, the Court specifically amended the Federal Rules of Civil Procedure to address this issue. Fed.R.Civ.P. 77(d) now provides that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." The Advisory Committee on the Rules expressly rejected Hill, noting that
 
 
 12
 the effect of the decision in Hill v. Hawes is to give the district court power, in its discretion and without time limit, and long after the term may have expired, to vacate a judgment and reenter it for the purpose of reviving the right of appeal. * * * Rule 77(d) as amended makes it clear that notification by the clerk of the entry of judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants. * * * It would, therefore, be entirely unsafe for a party to rely on absence of notice from the clerk of the entry of a judgment * * *.
 
 
 13
 Notes of Advisory Committee on Rules--1946 Amendments.
 
 
 14
 Despite the seemingly clear language of the rule, some courts have sought to avoid its draconian effect through the use of a Fed.R.Civ.P. 60(b) motion for relief from judgment or order. That rule authorizes a District Court to grant relief from its judgment for a broad range of equitable considerations. For example, in Radack v. Norwegian America Line Agency, Inc., 318 F.2d 538, 543 (2d Cir.1963), the Second Circuit held that a District Court has the power under Rule 60(b)(6) to vacate its judgment and re-enter it in order to re-start the time for filing a notice of appeal when the notice of the judgment is not sent.
 
 
 15
 The Second Circuit, however, later repudiated the rule of Radack in Mizell v. Attorney General of the State of New York, 586 F.2d 942 (2d Cir.1978), cert. denied, 440 U.S. 967, 99 S.Ct. 1519, 59 L.Ed.2d 783 (1979). The court noted that some courts have "upheld the vacating and re-entry of judgment under Rule 60(b)(6) where the sixty days to appeal under F.R.A.P. 4(a) has expired." 586 F.2d at 944-945 n. 2. The court noted, however, that
 
 
 16
 [t]hese cases * * * have required a showing of more than the mere failure to notify the parties that judgment has been entered. Rather, the courts have insisted on a showing that counsel has diligently attempted to discharge the duty implicit in Fed.R.Civ.P. 77(d) by making inquiries to discover the status of the case.
 
 Id.[4]
 
 17
 This court first addressed this issue in Weedon v. Gaden, 419 F.2d 303 (D.C.Cir.1969). In that case the court noted that mere lack of notice of the court's judgment does not excuse a party from filing a timely notice of appeal. Id. at 307-308. The court quoted with approval the language of Rule 77(d) and the notes of the Advisory Committee describing the effect of the rule. Id. at 308. In Hodgson v. United Mine Workers of America, 473 F.2d 118, 124 (D.C.Cir.1972), this court noted that Rule 60(b) cannot
 
 
 18
 be used to circumvent time requirements by the simple expedient of vacating a judgment and reinstating it in order to start anew the running of the appeal period. The harsh result occurring where, as here, counsel has not received Rule 77(d) notice can only be mitigated by a prompt request for a thirty-day extension under Rule 4(a).
 
 
 19
 (Footnotes omitted.)
 
 
 20
 In Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institute, 500 F.2d 808 (D.C.Cir.1974) (per curiam ), however, this court softened the impact of Rule 77(d). In that case the court held that a trial court may vacate and re-enter its judgment to allow a timely appeal "when neither party had actual notice of the entry of judgment, when the winning party is not prejudiced by the appeal, and when the losing party moves to vacate the judgment within a reasonable time after he learns of its entry." Id. at 810.
 
 
 21
 The court's test was criticized in Wilson v. Atwood Group, 725 F.2d 255 (5th Cir.) (en banc ), cert. dismissed, --- U.S. ----, 105 S.Ct. 17, 82 L.Ed.2d 912 (1984). The court in that case noted that the test ignored the implicit diligence requirement of Rule 77(d). Moreover, the court noted, "Examination for prejudice to the prevailing party is * * * paradoxical. There can be no prejudice except detrimental reliance on the failure to appeal, but, if the prevailing party has no notice of the judgment, he cannot rely on its finality." 725 F.2d at 257. Thus the Fifth Circuit apparently deemed the Expeditions Unlimited test as essentially the same as that announced in Hill, which Rule 77(d) was intended to overrule.
 
 
 22
 Whatever the merits of Expeditions Unlimited, the present case fails to meet even the liberalized requirements of that case. That test requires that (1) neither party receive notice of the judgment, (2) the prevailing party not be prejudiced, and (3) the appellant promptly move in the District Court for relief. In this case it is clear that the first element has not been met. Although appellant did act promptly, and no prejudice has been demonstrated, it is clear that Ashby did receive notice of the judgment of the court. In fact, Weitzman first learned of the court's judgment when it received a check from Ashby for the amount of the judgment (less the bankruptcy discount). One of the parties, therefore, did receive notice.[5]
 
 
 23
 Thus even under this court's liberalized test appellant was not entitled to an order by the District Court vacating and re-entering its judgment in order to re-start the appeal period. Appellant urges us to extend the Expeditions Unlimited exception to the facts of this case. It may well be that the harsh effect of Rule 77(d) should be softened to allow a party more time to appeal when the District Court clerk has erred in failing to notify the parties of the judgment of the District Court. Such a rule, however, would eviscerate the implicit due diligence standard created by Rule 77(d). Such a change in the Federal Rules should not be crafted by this court when the rule was plainly adopted to cover this precise situation.
 
 
 24
 Because this court's power to entertain the merits of this case is premised upon the District Court's error, we dismiss this appeal.
 
 
 25
 Dismissed.
 
 
 26
 HARRY T. EDWARDS, Circuit Judge, concurring.
 
 
 27
 I am pleased to concur in Judge Wright's able opinion in this case. I write briefly, however, to emphasize our concerns with the holding of Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institute, 500 F.2d 808 (D.C.Cir.1974). In my view, the Expeditions Unlimited decision is plainly at odds with the explicit provisions of the Federal Rules and also represents an inexplicable and unwarranted divergence from established case law in this Circuit.
 
 
 28
 In 1972, this court made it absolutely clear that Rule 60(b) cannot
 
 
 29
 be used to circumvent time requirements by the simple expedient of vacating a judgment and reinstating it in order to start anew the running of the appeal period. The harsh result occurring where, as here, counsel has not received Rule 77(d) notice can only be mitigated by a prompt request for a thirty-day extension under Rule 4(a).
 
 
 30
 Hodgson v. United Mine Workers of America, 473 F.2d 118, 124 (D.C.Cir.1972) (footnotes omitted). The decision in Hodgson followed easily from the rule enunciated in Weedon v. Gaden, 419 F.2d 303 (D.C.Cir.1969), that mere lack of notice of the trial court's judgment does not excuse a party from filing a timely notice of appeal.
 
 
 31
 Following on the heels of Weedon and Hodgson, and in light of the clear mandate of Rule 77(d), Expeditions Unlimited appears as an aberrant judgment that is flatly wrong. In the future, no attorney would be well advised to rely on Expeditions Unlimited to justify an untimely appeal.
 
 
 
 *
 Of the United States Court of Appeals for the Federal Circuit, sitting by designation pursuant to 28 U.S.C. Sec. 291(a) (1982)
 
 
 [1]
 Rule 4(a)(5) provides that
 [t]he district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.
 
 
 [2]
 This court has recognized a limited exception to the stringent timeliness requirements of Fed.R.App.P. 4(a) under certain carefully delimited "unique circumstances." This exception may be invoked only where there is "judicial action seemingly extending the appeal period, provided that the court's action occurs prior to expiration of the official period and that the appellant files a notice of appeal before expiration of the period apparently judicially extended." Aviation Enterprises, Inc. v. Orr, 716 F.2d 1403, 1406 n. 25 (D.C.Cir.1983) (citing Thompson v. I & NS, 375 U.S. 384, 386-387, 84 S.Ct. 397, 398-399, 11 L.Ed.2d 404 (1964); Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 217, 83 S.Ct. 283, 285, 9 L.Ed.2d 261 (1962)). Plainly, however, the case at bar does not fall within this "unique circumstances" exception
 
 
 [3]
 Chief Justice Stone dissented. He argued that considerations of finality and certainty were undermined by allowing District Court judges to re-start appellate time periods by vacating their judgments and re-entering them. 320 U.S. at 524-525, 64 S.Ct. at 336-337. Foreshadowing a trend that would emerge 40 years later, he argued that counsel must exercise due diligence in determining when judgment is entered. Id. at 526, 64 S.Ct. at 337. See Calkins, The Emerging Due Diligence Standard for Filing Delayed Notice of Appeal in Federal Courts, 19 WILLAMETTE L.REV. 609 (1983)
 
 
 [4]
 Other circuits have adopted similar positions. For example, in Case v. BASF Wyandotte, 737 F.2d 1034 (Fed.Cir.), cert. denied, --- U.S. ----, 105 S.Ct. 386, 83 L.Ed.2d 321 (1984), the Federal Circuit held that "[t]he fact that the appellant did not receive the opinion and order upon issuance did not excuse his failure to file a timely notice of appeal." 737 F.2d at 1035. See also Spika v. Village of Lombard, Ill., 763 F.2d 282, 286 (7th Cir.1985) ("courts have uniformly held that Rule 77(d) bars Rule 60(b) relief when, as here, the sole reason asserted for that relief is the failure of a litigant to receive notice of the entry of an order or judgment") (emphasis in original); Wilson v. Atwood Group, 725 F.2d 255, 257 (5th Cir.) (en banc ) (same), cert. dismissed, --- U.S. ----, 105 S.Ct. 17, 82 L.Ed.2d 912 (1984); Hensley v. Chesapeake & Ohio R. Co., 651 F.2d 226, 229 (4th Cir.1981) (same)
 Commentators have taken an equally adamant position on Rule 77(d). Professor Moore has stated that "[w]hen in the ordinary civil case * * * 60 days has elapsed since the entry of judgment, there can be no appeal despite the fact that the clerk did not comply with Rule 77(d) and the party in fact did not learn of the entry of judgment until the 60 days had run." 7 (Part 2) J. MOORE, FEDERAL PRACTICE p 77.05 at 77-12 (2d ed. 1983). See also 7 (Part 1) id. p 60.27 at 60-302 ("It has also been held that absent unique circumstances Fed.R.Civ.P. 77(d) bars Rule 60(b) relief where such motion is based solely on litigant's failure to receive notice of entry of the district court's order."); 12 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE Sec. 3084 at 182 (1973) ("[t]he amendment to Rule 77(d) added the last sentence, making it clear that lack of notice of the entry by the clerk does not affect the time to appeal").
 
 
 [5]
 We note in passing that the rationale behind this requirement that neither party receive notice is obscure at best. If the underlying premise of the Expeditions Unlimited exception is that parties who have been prejudiced by failure to receive notice of the court's judgment ought to be allowed extra time during which to file a notice of appeal, the "neither party" requirement appears to be particularly inapt. In fact, prejudice is more likely to occur when only one party receives notice than when neither party receives notice
 Given the clear command of Rule 77(d), however, and its obvious purpose to overrule the Hill decision, any further liberalization of this court's exception is clearly unwarranted. In fact, given the clarity of the rule, in a case that directly presents the question this court might well overturn the Expeditions Unlimited exception.