HARRY T. EDWARDS, Circuit Judge,
concurring.
I am pleased to concur in Judge Wright’s able opinion in this case. I write briefly, however, to emphasize our concerns with the holding of Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institute, 500 F.2d 808 (D.C.Cir.1974). In my view, the Expeditions Unlimited decision is plainly at odds with the explicit provisions of the Federal Rules and also represents an inexplicable and unwarranted divergence from established case law in this Circuit.
In 1972, this court made it absolutely clear that Rule 60(b) cannot
be used to circumvent time requirements by the simple expedient of vacating a judgment and reinstating it in order to start anew the running of the appeal period. The harsh result occurring where¡ as here, counsel has not received Rule 77(d) notice can only be mitigated by a prompt request for a thirty-day extension under Rule 4(a).
Hodgson v. United Mine Workers of America, 473 F.2d 118, 124 (D.C.Cir.1972) (footnotes omitted). The decision in Hodgson followed easily from the rule enunciated in Weedon v. Gaden, 419 F.2d 303 (D.C. Cir.1969), that mere lack of notice of the trial court’s judgment does not excuse a party from filing a timely notice of appeal.
Following on the heels of Weedon and Hodgson, and in light of the clear mandate of Rule 77(d), Expeditions Unlimited appears as an aberrant judgment that is flatly wrong. In the future, no attorney would be well advised to rely on Expeditions Unlimited to justify an untimely appeal.