**Keith DICKERSON, Plaintiff,**

v.

**Woodrow BAKER, Jr., Defendant.**

**No. 85 Civ. 7277 (RLC).**

United States District Court,
S.D. New York.

Dec. 12, 1990.

Civil Rights Clinic, Washington Square Legal Services, Inc., New York City, for plaintiff (Claudia Angelos, of counsel).

Robert Abrams, Atty. Gen. of the State of N.Y., New York City, for defendant (Judith A. Gordon and Ira Halfond, of counsel).

ROBERT L. CARTER, District Judge.

In 1985, plaintiff Dickerson was in the custody of the New York State Department of Correctional Services ("DOCS"). He brought this action under 42 U.S.C. § 1983 against defendant Baker, then a DOCS officer, alleging several claims based on incidents that occurred during his incarceration. The court granted Baker's motion for summary judgment on all but one of Dickerson's claims. The remaining claim, in which Dickerson alleged that Baker threw lit matches into his cell, was tried by the court on April 2, 1990. At the conclusion of the trial, the court rendered judgment in Dickerson's favor for the sum of one dollar in damages.

The present issue concerns the failure of the clerk of the court to make available for public inspection the complete docket for this case. For unknown reasons, the particular docket sheet containing the notation of the entry of judgment in this case on April 3, 1990, as well as all but one entry made after January 21, 1989, was not available to the public until some time between

June 7, 1990 and June 26, 1990.[1] Thus, on June 26, 1990, when Baker first learned of the entry of judgment of April 3, 1990, both the period for filing a notice of appeal and the period for requesting an extension of time to appeal had expired. *See* Rules 4(a)(1), 4(a)(5), F.R.App.P. Baker now moves to "correct a clerical mistake," pursuant to Rule 60, F.R.Civ.P. He requests the court to vacate the judgment of April 3, 1990, and to order the entry of a new judgment, so that his right to appeal will be revived.

■ Virtually all of Baker's arguments in support of his motion rest on the assertion that the clerk of the court did not actually enter the judgment in the case on April 3, 1990. In Baker's view, the clerk entered the judgment at some point after June 7, 1990, and backdated the entry of judgment to April 3, 1990. However, he offers no convincing reason to support his serious charge that the clerk falsely made the notation of the date of entry of judgment. The only error that Baker has persuasively shown is the failure of the clerk's office to make the complete docket available for public inspection until after June 7, 1990. Since this error was corrected by the clerk's office no later than June 26, 1990, Baker's argument for relief under Rule 60(a), F.R.Civ.P., which provides for the correction of "clerical mistakes in judgments, orders or other parts of the record," is moot. In any case, a grant of a Rule 60(a) motion cannot lead to enlargement of time for appeal, *International Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978), which is what Baker ultimately seeks.

■ Baker relies alternatively on Rule 60(b), F.R.Civ.P. He argues that the court should vacate the judgment of April 3, 1990, pursuant to Rule 60(b)(1), which permits relief due to "mistake, inadvertence, surprise, or excusable neglect"; Rule 60(b)(4), which permits relief from a void judgment; and/or Rule 60(b)(6), which permits relief "for any other reason justifying relief from the operation of the judgment." Because there is no basis for Baker's contention that the judgment of April 3, 1990, is void, the court need detain itself only with whether vacatur of that judgment is warranted under Rule 60(b)(1) or Rule 60(b)(6).

In order to obtain relief from a judgment under either Rule 60(b)(1) or Rule 60(b)(6), the motion must, among other things, be made "within a reasonable time."[2] On June 29, 1990, three days after discovering the entry of judgment, Baker wrote to the court to request relief. The court, by letter on July 3, 1990, informed Baker that he should submit his request by motion, with citation of authority for court action. Baker did nothing until October 19, 1990, when he filed the instant motion.

Under the circumstances of this case, the court believes that the "reasonable time" should be judged by the 30–day period within which an appeal must be taken pursuant to Rule 4(a)(1), F.R.App.P., or, at the latest, by the 60–day period allowed for appeal by Rule 4(a)(5), F.R.App.P., if there is excusable neglect or good cause. *See Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institute*, 500 F.2d 808, 810 (D.C.Cir.1974). Utilizing the above yardsticks, Baker should have filed this motion by July 26, 1990, or, if there was excusable neglect or good cause, by August 26, 1990.

Baker makes the meritless contention that his motion was necessarily delayed because Judith Gordon, one of his attorneys, went on sick leave from mid-August

---

1. When defendant's trial attorney examined the docket entries on May 2, May 7, and June 7, 1990, the entries consisted of three pages and did not indicate an entry of judgment. When he obtained the docket entries from the clerk's office on June 26, 1990, however, there was a fourth page of entries, which contained the notation of the entry of judgment on April 3, 1990.

2. A motion under Rule 60(b)(1) is subject to the additional requirement that it be made no more than one year after the entry of judgment. This does not mean, however, that every Rule 60(b)(1) motion that is made within the maximum one-year period will be deemed timely; undue delay may nevertheless preclude a party from relief. 7 Moore's Federal Practice ¶ 60.22[4].

to October 4, 1990. This does not explain why the motion was not filed by July 26, 1990, weeks before Gordon went on sick leave. Furthermore, the motion could very well have been made without Gordon's presence in the office. Her affidavit in support of the motion provides nothing that is not already contained in other documents or that could not have been offered to the court by other means. There is simply no acceptable excuse for the delay of nearly four months between the date on which Baker got notice of the entry of judgment and the date on which he finally filed his motion. Accordingly, relief under either Rule 60(b)(1) or Rule 60(b)(6), F.R.Civ.P., is precluded because Baker's motion was not made within a reasonable time.

For the reasons stated above, Baker's motion pursuant to Rule 60, F.R.Civ.P., is denied.

IT IS SO ORDERED.