MISSISSIPPI CHEMICAL
CORPORATION,
Petitioner,

v.

SWIFT AGRICULTURAL CHEMICALS
CORPORATION, Respondent.

No. 83–766.

United States Court of Appeals,
Federal Circuit.

Sept. 23, 1983.

Arthur I. Neustadt, Arlington, Va., for petitioner; Richard D. Kelly, Arlington, Va., of counsel.

John W. Hofeldt, Chicago, Ill., for respondent.

Before FRIEDMAN, RICH and DAVIS, Circuit Judges.

## ON PETITION FOR A WRIT OF MANDAMUS

FRIEDMAN, Circuit Judge.

This is a petition for a writ of mandamus directing a United States District Judge to grant a motion for summary judgment of patent invalidity in a patent infringement suit. The motion, based on *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), urges that the patentee be estopped from relitigating the validity of the patent at issue in the present case because it has already been declared invalid in a prior case after a full and fair trial. We grant the petition, and direct the district judge to grant the motion.

### I.

The respondent, Swift Agricultural Chemicals Corporation (Swift) (now named Estech, Inc.), owns a patent covering a process for the manufacture of liquid ammonium polyphosphate fertilizer (the Kearns patent). There have been two prior conflicting decisions involving the validity of this patent.

A. In 1974, Swift filed in the United States District Court for the Eastern District of Louisiana an infringement suit against Usamex Fertilizers. After trial, the district court held the patent valid and infringed. *Swift Chemical Co. v. Usamex Fertilizers, Inc.,* 197 USPQ 10 (E.D.La. 1977). Usamex noted an appeal, which was dismissed in March 1978 after the parties had settled the outstanding issues in the case, and the court had entered a consent judgment on damages.

Approximately a year later, Usamex filed a motion for relief from the judgment on the ground that newly discovered evidence showed that there had been no infringement. In a lengthy opinion, the district court denied the motion. *Swift Chemical Co. v. Usamex Fertilizers, Inc.,* 490 F.Supp. 1343 (E.D.La.1980). It held that "Usamex not only has failed to prove it exercised due diligence in discovering its new evidence, but the evidence, even if admitted at a new trial and found to be credible, would not

produce a different result, because it is legally immaterial." 490 F.Supp. at 1355. The court also denied Usamex's request for a declaratory judgment of noninfringement. 490 F.Supp. at 1355–1358.

On Usamex's appeal from the denial of its motion for relief from judgment, the court of appeals summarily "[a]ffirmed on the basis of the opinion of" the district court. *Swift Chemical Co. v. Usamex Fertilizers, Inc.,* 646 F.2d 1121 (5th Cir.1981).

B. In 1978, Swift filed in the United States District Court for the District of Kansas an infringement suit against Farmland Industries. After an eight-day trial, the district court held the Kearns patent invalid because the patented invention was anticipated by the prior art and would have been obvious, and not infringed. *Swift Agricultural Chemicals Corp. v. Farmland Industries, Inc.,* 499 F.Supp. 1295, 210 USPQ 137 (D.Kan.1980). The court noted the prior contrary decision in the *Usamex* case. It pointed out, however, that the unsuccessful argument for invalidity pressed in *Usamex* was based upon different contentions from the argument urged by Farmland, which the district court accepted. 499 F.Supp. at 1305–06, 210 USPQ at 146. The court also pointed out that since one of the grounds upon which it held the patent invalid for obviousness had not been raised in *Usamex,* "there was evidently no evidence introduced [in *Usamex*] on the question of whether representatives of the prior art might have" shown obviousness on that ground. *Id.* at 1305, 210 USPQ at 146.

The Court of Appeals for the Tenth Circuit affirmed. *Swift Agricultural Chemicals Corp. v. Farmland Industries, Inc.,* 674 F.2d 1351, 213 USPQ 930 (10th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 132, 74 L.Ed.2d 113 (1982). In a comprehensive opinion which discussed the evidence in considerable detail, the court of appeals held that the findings of the district court were not clearly erroneous, and agreed with the district court's conclusions that the patented invention would have been obvious and had been anticipated. Like the district

court, the court of appeals noted the prior contrary decision in *Usamex.* It pointed out that one of the prior art references it discussed had not been before the district court in *Usamex,* and that in any event, based on all the evidence before it, the district court's determination that the patent was invalid was correct. 674 F.2d at 1358–59, 213 USPQ at 936.

C. In the present case, filed in 1978 in the United States District Court for the Southern District of Mississippi, Swift charged that the petitioner Mississippi Chemical Corporation had infringed the Kearns patent. Shortly before the case was scheduled for trial in October 1980, the district court in *Farmland* rendered its decision holding the patent invalid. On the motion of the parties, the district judge here then stayed the present case "until ultimate disposition" of *Farmland.*

Following the denial of the petition for certiorari in *Farmland* in October 1982, Mississippi Chemical filed a supplemental motion for summary judgment of patent invalidity. It contended that the decision in *Farmland* holding the patent invalid collaterally estopped Swift "from asserting patent validity" in the present case. The district judge denied the motion for summary judgment in a brief order, ruling that it "cannot in all fairness to both parties say with any degree of conclusiveness that there is not, indeed, any genuine issue of material fact, and that the defendant is entitled to a judgment as a matter of law .... " The judge invited Swift to submit findings of fact and conclusions of law.

The judge subsequently adopted verbatim, with two exceptions discussed later in this opinion, Swift's proposed findings and conclusions. The judge stated that "considerations of efficiency and economy" are "the entire basis and rationale" of the *Blonder-Tongue* decision that a determination of patent invalidity ordinarily bars the patentee from relitigating that question; and that

[t]hese considerations of economy are obviously not present in this case for the reasons that (1) the parties have expended the bulk of any sums that would have been expended through extensive and massive discovery and the case has been ready since 1980; (2) the Defendant is attempting to obtain attorney's fees on the ground of fraud in the procurement of Plaintiff's patent, and, therefore, the validity of Plaintiff's patent is put directly at issue and the same facts would be presented as would be presented in the trial of this issue; and, (3) Claim Three was not litigated in the Kansas proceeding and must be litigated under any circumstances.

The judge further stated that "[w]here there are clear inconsistent determinations on a matter at issue, it should be strong indication that the application of collateral estoppel would work an injustice" and that "it would be fundamentally offensive to deprive Swift of the opportunity to litigate this issue when Swift has shown in the courts of this circuit in a full and fair fight that its patent was valid, and that in each instance, the Defendant sued had infringed its patent."

The judge concluded that "the underlying considerations as expressed in the Supreme Court decision of *Blonder-Tongue* are simply not applicable in this case," and that the "[p]laintiff should be allowed to present its claim for patent infringement before a fair and impartial jury of this District."

## II.

A. In *Blonder-Tongue,* the Supreme Court held that where a patent has been declared invalid in a proceeding in which the "patentee has had a full and fair chance to litigate the validity of his patent" (402 U.S. at 333, 91 S.Ct. at 1445), the patentee is collaterally estopped from relitigating the validity of the patent. If an alleged infringer raises the defense of collateral estoppel, the burden is on the patentee "to demonstrate, if he can, that he did not have 'a fair opportunity procedurally, substantively and evidentially to pursue his claim the first time' " (*quoting Eisel v. Columbia Packing Co.,* 181 F.Supp. 298, 301 (D.Mass.1960)). *Id. See also Carter-Wal-*

*lace, Inc. v. United States,* 496 F.2d 535, 538–39, 204 Ct.Cl. 341 (1974). Among the factors to be considered in determining whether the patentee had a full and fair opportunity to litigate the validity of the patent in the prior case are

> whether the opinions filed by the District Court and the reviewing court, if any, indicate that the prior case was one of those relatively rare instances where the courts wholly failed to grasp the technical subject matter and issues in suit; and whether without fault of his own the patentee was deprived of crucial evidence or witnesses in the first litigation.

*Blonder-Tongue,* 402 U.S. at 333, 91 S.Ct. at 1445 (footnote omitted).

In denying Mississippi Chemical's motion for summary judgment of patent invalidity, which was based on collateral estoppel, the district judge did not find that Swift had not had a "full and fair chance" to litigate the validity of its patent in the *Farmland* case, or that the courts in that case "wholly failed to grasp the technical subject matter and issues in suit." To the contrary, the judge specifically deleted from Swift's proposed findings (which, as indicated, he otherwise adopted verbatim) statements that would have reflected that conclusion. The judge rejected the following language in Swift's proposed finding 9, which dealt with an affidavit of C. Marshall Dann, a former Commissioner of the Patent and Trademark Office:

> Mr. Dann testified clearly and unequivocally through his uncontradicted Affidavit that the courts in the Tenth Circuit wholly failed to grasp the technical subject matter and issues in the *Swift v. Farmland* suit. Defendant has not submitted any evidence to rebut this affidavit.

The judge also rejected proposed finding 10, which stated:

> Based on the record before this Court it appears that the Kansas courts wholly failed to grasp the technical subject matter of the Kearns invention, nor did they even consider why the Kearns process

worked while all the prior attempts of others failed.

The district judge's refusal to adopt the foregoing findings presumably reflects the fact that Swift did not establish, by affidavit or otherwise, that it was denied a full and fair opportunity to litigate the validity of its patent in the *Farmland* case. There was an eight-day trial before the district court, and apparently there is no contention that in that trial Swift "was deprived of crucial evidence or witnesses ...." *Blonder-Tongue,* 402 U.S. at 333, 91 S.Ct. at 1445. The district court rendered a detailed and careful opinion, in which it discussed the evidence at length and explained why it concluded that the patented invention was anticipated and obvious. The court of appeals similarly explained in detail the reasons for its affirmance. Although there may be basis for disagreement with the *Farmland* decision of invalidity, such disagreement is not enough to establish that in the trial and appeal Swift did not have a full and fair opportunity to litigate the validity of its patent. *See Carter-Wallace,* 496 F.2d at 542; *Blumcraft of Pittsburgh v. Kawneer Co.,* 482 F.2d 542, 546–48, 178 USPQ 513, 516–18 (5th Cir.1973).

The only evidence on this issue Swift presented to the district judge in the present case was the affidavit of Mr. Dann, which the district judge refused to treat as establishing that the courts in *Farmland* failed to grasp the technical subject matter and issues in that case. Although Mr. Dann concluded that the courts had so failed, his conclusion reflected only a disagreement with the courts' analysis and evaluation of the evidence. The courts' detailed opinions in the *Farmland* case do not manifest the lack of understanding that Mr. Dann ascribes to them.

Although the district judge concluded (conclusion 14) that "there are substantial disputes of material fact," there is no indication that these disputes relate to the only issue before the court: whether Swift had a full and fair opportunity to litigate the validity of the Kearns patent in the *Farmland* case. To the contrary, the disputed

facts to which the judge referred apparently related to the substantive issues of validity and infringement. The judge's final conclusion of law (No. 16) was that Mississippi Chemical's motion for summary judgment should be denied, and that Swift "should be allowed to present its claim for patent infringement before a fair and impartial jury of this District." The same thought is reflected in conclusions of law 7 and 10, where the judge stated that it would be "fundamentally offensive" to deny Swift the opportunity to litigate the patent's validity where it had prevailed on that issue in an earlier case.

Indeed, *Blonder-Tongue* itself recognized the inappropriateness of extensive litigation on "the question whether the party to be estopped had a full and fair opportunity to litigate his claim in the first action." 402 U.S. at 347, 91 S.Ct. at 1452. The Court stated that "the accused infringer should have available an estoppel defense that can be pleaded affirmatively and determined on a pretrial motion for judgment on the pleadings or summary judgment." *Id.* at 348, 91 S.Ct. at 1452.

B. The reasons the district judge gave for rejecting the collateral estoppel defense are unconvincing, and do not justify the exception he created to the *Blonder-Tongue* principle.

1. The judge stated that the "entire basis and rationale" of *Blonder-Tongue* "are considerations of efficiency and economy," and that "[t]hese considerations of economy are obviously not present in this case ...." The Supreme Court relied upon those considerations, however, as part of its reasoning for the principle it announced in *Blonder-Tongue.* The decision in that case does not contemplate or sanction the determination, on a case-to-case basis, whether considerations of efficiency and economy warrant application of collateral estoppel in the particular situation before the court. The approach of the district judge in this case would virtually nullify the *Blonder-Tongue* rule and its purpose to prevent relitigation of patent validity once the patent has been held invalid in a case in which the patentee

had a full and fair opportunity to litigate the issue.

■ 2. The district judge concluded that it would be "fundamentally offensive" to deny Swift "the opportunity" to relitigate the validity of its patent in view of the fact that the courts of the Fifth Circuit "in a full and fair fight" had held the patent valid. In *Stevenson v. Sears Roebuck & Co.,* 713 F.2d 705 at 710 (Fed.Cir.1983), we recently held that under *Blonder-Tongue,* where there have been inconsistent prior determinations of validity, the only permissible inquiry for the district court is "whether the patentee had a full and fair opportunity to litigate the validity of his patent in the prior unsuccessful suit." We followed and quoted with approval from *Blumcraft of Pittsburgh v. Kawneer Co.,* 482 F.2d 542, 548–49, 178 USPQ 513, 517–18 (5th Cir.1973), where the court stated:

> The fact that a prior inconsistent ruling of validity raises a question as to the correctness of the invalidity determination does not create an exception to *Blonder-Tongue* and in fact is fully supported by the facts in *Blonder-Tongue....* [T]he fact of a *prior* successful suit, as here, should not in itself be permitted to undermine the numerous policy reasons expounded in *Blonder-Tongue* in favor of applying estoppel. [Emphasis in original.]

Thus, as we concluded in *Stevenson,* the existence of a prior inconsistent decision on validity of the patent "should serve only as a 'red flag warning' to the court to apply the full and fair criteria more carefully." At 711.

3. The district court also ruled (conclusion of law 3) that "Claim Three [of the Kearns patent] was not litigated in the Kansas proceeding and must be litigated under any circumstances." In fact, all the claims in the Kearns patent were invalidated in *Farmland.*

The district court in that case held that "all of the claims of ... [the Kearns patent] are invalid" by reason of anticipation and obviousness. 499 F.Supp. at 1307, 210 USPQ at 148, fdgs. 2 and 3. In affirming,

the court of appeals rejected Swift's argument that the district court erred in invalidating the entire patent and "should have limited its ruling to claims one, two and four ...." *Farmland,* 674 F.2d at 1358, 213 USPQ at 936. It stated that

> [t]his issue is without merit. Farmland's answer brought up the defense of the patent's invalidity. There is nothing to show that the validity of the entire patent was not at issue, therefore.

*Id.*

■ C. The short of the matter is that under *Blonder-Tongue,* the only inquiry open to the district judge is whether the patentee had a full and fair opportunity to litigate the validity of the patent in the prior case in which it was held invalid. Unless the district judge finds that the patentee did not have that opportunity, the judge must treat the prior determination of invalidity as estopping the patentee from relitigating that question. The judge cannot permit relitigation because of equitable considerations. *See Blumcraft,* 482 F.2d at 547, 178 USPQ at 516; *Kaiser Industrial Corp. v. Jones & Laughlin Steel Corp.,* 515 F.2d 964, 978–79, 185 USPQ 343, 355–56 (3d Cir.1975), *cert. denied,* 423 U.S. 876, 96 S.Ct. 150, 46 L.Ed.2d 110 (1975); *Carter-Wallace,* 496 F.2d at 542. Although the Supreme Court in *Blonder-Tongue* referred to the "trial courts' sense of justice and equity" (402 U.S. at 334, 91 S.Ct. at 1445), "the only discretion left to the district court's 'sense of equity and justice' by *Blonder-Tongue* is in the determination of whether the plaintiff had a full and fair opportunity to litigate in the prior suit finding invalidity." *Blumcraft,* 482 F.2d at 547, 178 USPQ at 516. *Accord, Kaiser Industrial Corp.,* 515 F.2d at 978–79, 185 USPQ at 355–56.

■ The district judge here erred because he misconstrued the *Blonder-Tongue* rule, and would have permitted a trial without finding that the patentee had not had a full and fair opportunity to litigate the patent's validity in the prior case. The unpersuasive factors on which the trial judge based his denial of the estoppel plea, discussed above, are irrelevant to this limited inquiry.

## III.

The remaining question is whether we should issue a writ of mandamus to correct the district judge's error in this case. We hold that we should.

There is no question that we have authority to issue the writ under the All Writs Act, 28 U.S.C. § 1651(a) (1976) as "necessary or appropriate in aid of" our jurisdiction. Since the jurisdiction of the district court in this patent infringement case was based on 28 U.S.C. § 1338 (1976), we would have exclusive jurisdiction under the Federal Courts Improvement Act of 1982 of any appeal from the final decision. 96 Stat. 25, 37 (codified as 28 U.S.C. § 1295(a)(1)). That also gives us the "power in proper circumstances, as here, to issue writs of mandamus reaching" the case. *La Buy v. Howes Leather Co.,* 352 U.S. 249, 255, 77 S.Ct. 309, 313, 1 L.Ed.2d 290 (1957).

■ Although "[t]he traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so" (*Roche v. Evaporated Milk Association,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943)), its use is not that restricted. It may be employed in exceptional circumstances to correct a "clear abuse of discretion or 'usurpation of judicial power'" by the trial court. *Bankers Life & Casualty Co. v. Holland,* 346 U.S. 379, 382, 74 S.Ct. 145, 147, 98 L.Ed. 106 (1953) (quoting *DeBeers Consolidated Mines v. United States,* 325 U.S. 212, 217, 65 S.Ct. 1130, 1132, 89 L.Ed. 1566 (1945)); *Duffy v. Commissioner of Patents,* 489 F.2d 745, 749, 180 USPQ 317, 320 (CCPA 1974). Thus, in *La Buy, supra,* the Supreme Court upheld the issuance of the writ by a court of appeals to compel a district judge to vacate his orders referring antitrust cases to a master for trial, because such orders were an abuse of the judge's power under the

Federal Rules of Civil Procedure governing references to a master.

The misapplication in this case of the rule the Supreme Court announced in *Blonder-Tongue* also constituted an abuse of discretion which it is appropriate to correct by mandamus. The effect of the district judge's action is to require Mississippi Chemical to litigate the validity of the Kearns patent despite a prior determination of invalidity in a case in which Swift had a full and fair opportunity to litigate that issue.

This case therefore is similar to *Lummus Co. v. Commonwealth Oil Refining Co.,* 297 F.2d 80 (2d Cir.1961), *cert. denied,* 368 U.S. 986, 82 S.Ct. 601, 7 L.Ed.2d 524 (1962). There the court of appeals issued a writ of mandamus to bar a district judge from holding a trial which would involve the "reexamination of an issue that has been conclusively determined in [the petitioner's] favor by another Court of Appeals." 297 F.2d at 87. "The right not to have to relitigate an issue so determined is," the court stated, "entitled to extraordinary protection." *Id.*

The right of an alleged infringer under *Blonder-Tongue* not to relitigate the validity of a patent that has been invalidated in a prior case in which the patentee had a full and fair opportunity to litigate validity is no less entitled to such protection. The present situation involves the kind of "exceptional circumstances" that "warrant the use of the extraordinary remedy of mandamus." *La Buy, supra,* 352 U.S. at 256, 77 S.Ct. at 313. *Cf. United States v. Boe,* 543 F.2d 151, 158 (CCPA 1976).

The use of mandamus is appropriate here because it is the only way to protect the rights that *Blonder-Tongue* gave to alleged infringers. If this case went to trial before the district court on the issue of validity, there is no adequate means by which Mississippi Chemical could correct the district judge's error of failing to apply *Blonder-Tongue. See Kerr v. United States District Court,* 426 U.S. 394, 402–03, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976) (treating the absence of alternative means of relief as a factor in deciding whether to grant mandamus). Even if we were to review after trial the trial judge's denial of the collateral estoppel plea, our review would not be "meaningful." *Canadian Tarpoly Co. v. United States International Trade Commission,* 640 F.2d 1322, 1325, 209 USPQ 33, 35 (CCPA 1981).

The essence of the *Blonder-Tongue* principle is to prevent relitigation of patent validity in a second trial after the patentee has lost on that issue in a full and fair trial. We issue the writ of mandamus in the exceptional circumstances of this case in order to protect Mississippi Chemical's right not to be required to relitigate the validity of the Kearns patent. We take this action pursuant to our authority under 28 U.S.C. § 1651(a). Unlike the other circuit courts of appeals, we have no general supervisory authority over district courts.

United States District Judge Harold Cox is ordered to grant the motion of Mississippi Chemical Corporation for summary judgment of patent invalidity.

PETITION GRANTED.