Leslie C. CASE, Appellant,

v.

**BASF WYANDOTTE and National Gypsum Co., et al., Appellees.**

Appeal No. 84–753.

United States Court of Appeals, Federal Circuit.

July 13, 1984.

Certiorari Denied Nov. 5, 1984.
See 105 S.Ct. 386.

· Leslie C. Case, argued pro se.

Kenneth B. Herman, New York City, argued for appellees.

Before FRIEDMAN, KASHIWA and MILLER, Circuit Judges.

ORDER

PER CURIAM.

This is an appeal from a judgment of the United States District Court for the District of Massachusetts, dismissing a suit in which the appellant alleged that the appellees had infringed two of his patents and had violated the antitrust laws. After trial, the district court held that the appellant had not shown either infringement or violation of the antitrust laws. The appellees have moved to dismiss the appeal as not timely filed. We hold that the appeal was untimely and dismiss it. We also deny the appellant's petition for a writ of mandamus.

1. The district court rendered its opinion on August 31, 1983, and on the same day entered its judgment in favor of the appellees. The appellees state that on September 6, 1983, their counsel received in the mail the district court's opinion, and upon checking the court docket sheets on September 8, 1983, confirmed that the judgment had been entered on August 31.

On November 25, 1983, the appellant, pro se, filed a motion under rule 60(b) of the

Federal Rules of Civil Procedure "for an order vacating and reentering this Court's judgment, so as to facilitate the appeal on this action." In a supporting affidavit the appellant stated that he had not received the court's opinion or order, and that he first learned of them upon visiting the clerk's office on November 23, 1983. The affidavit further stated that the appellant "has several times since the trial in this action made visits to the Office of the Clerk to check on the subject docket" and "has also checked the actual docket sheets from time to time. At the last such checking, prior to November 23, 1983, Affiant saw no notification of an order or judgment on the said docket."

On January 3, 1984, the district court denied without opinion the motion to vacate and reenter. On January 9, 1984, the appellant filed a notice of appeal from both the August 31, 1983 order dismissing the case and the January 3, 1984 denial of the rule 60(b) motion.

■ 2. Since, as the appellant concedes, the notice of appeal, filed more than four months after the August 31, 1983 order dismissing the case, was untimely, the only theory upon which the appellant might press his appeal would be if he could establish that the district court improperly denied the rule 60(b) motion. The determination whether to grant such a motion is a matter largely within the discretion of the district court, *CTS Corp. v. Piher International Corp.*, 727 F.2d 1550, 221 USPQ 11 (Fed.Cir.1984); *Hand v. United States*, 441 F.2d 529 (5th Cir.1971); *Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249 (4th Cir. 1967), and appellate review is limited to determining whether the court abused its discretion. *Hand*, 441 F.2d at 531.

■ The district court did not abuse its discretion in denying the motion in this case. The fact that the appellant did not receive the opinion and order upon issuance did not excuse his failure to file a timely notice of appeal. *Hensley v. Chesapeake & Ohio Railway Co.*, 651 F.2d 226 (4th Cir.1981). *Cf.* Rule 77(d) of the Federal

Rules of Civil Procedure: "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed ...." The appellant was required to examine the records of the district court to determine whether the case had been decided.

Although the appellant stated in his supporting affidavit that "several times since the trial" he had visited the clerk's office "to check on" the docket and that he "also checked the actual docket sheets from time to time," he did not allege that he had regularly checked with the clerk's office or examined the court records with sufficient frequency to ascertain when the court decided the case. For all that appears, he may not have checked with the court within 30 or 60 days after the court decided the case on August 31, 1983. Indeed, at oral argument, the appellant admitted that he might have been somewhat remiss in checking the records around that time.

Moreover, since the appellees stated that within two days of receipt of the court's decision, their counsel, upon checking the docket, confirmed that the judgment had been entered, it would seem that if the appellant also had checked the docket sheet in September, he, too, would have discovered that the case had been decided.

For these reasons, we cannot say that the district court abused its discretion in denying the rule 60(b) motion.

■ 3. The appellant also has requested us to issue a writ of mandamus, apparently to compel the district court to grant his rule 60(b) motion. A writ of mandamus, however, is an extraordinary writ. It cannot be used as a substitute for appeal, *Roche v. Evaporated Milk Association*, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185 (1942), and can be used to control matters committed to the discretion of the district court "only in the exceptional case where there is clear abuse of discretion." *Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 383, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953); *In re Precision Screen*

*Machines, Inc.,* 729 F.2d 1428, — USPQ — (Fed.Cir.1984); *Mississippi Chemical Corp. v. Swift Agricultural Chemicals Corp.,* 717 F.2d 1374, 219 USPQ 577 (Fed. Cir.1983). Since, as we have held, the appellant failed to note a timely appeal and the district court did not abuse its discretion by denying the rule 60(b) motion, there is no basis for issuing a writ of mandamus.

The appeal from the August 31, 1983 order is dismissed. The district court's January 3, 1984 denial of the rule 60(b) motion is affirmed. The petition for a writ of mandamus is denied.