### A. STUCKI COMPANY

v.

### Stuart A. SCHWAM and Worthington Industries, Inc.

Civ. A. No. 83–5340.

United States District Court,
E.D. Pennsylvania.

July 17, 1986.

Stephen J. Springer, Philadelphia, Pa., LaBrum & Doak, Raymond G. Hasley,

Rose, Schmidt, Dixon & Hasley, E. Wallace Breisch, Pittsburgh, Pa., for plaintiff.

Richard D. Malmed, Philadelphia, Pa., for Stuart A. Schwam.

Charles C. Hileman, Philadelphia, Pa., for Worthington Industries, Inc.

## MEMORANDUM AND ORDER

RAYMOND J. BRODERICK, District Judge.

By Memorandum and Order dated May 1, 1986, this Court entered summary judgment in favor of plaintiff A. Stucki Company (Stucki) and against defendant Stuart A. Schwam on Count 1 of plaintiff's complaint. The Court held Mr. Schwam, president and 50 percent owner of Railroad Dynamics, Inc. (RDI), jointly liable with RDI for patent infringement damages imposed against RDI in a related civil action, No. 76–800. *See Railroad Dynamics, Inc. v. A. Stucki Company,* 579 F.Supp. 353 (E.D. Pa.1983), *aff'd,* 727 F.2d 1506 (Fed.Cir.), *cert. denied,* 469 U.S. 871, 105 S.Ct. 220, 83 L.Ed.2d 150 (1984). Defendant Schwam has filed a petition for reconsideration of this Court's Memorandum and Order dated May 1, 1986, 634 F.Supp. 259, on the grounds that the Court failed to specifically address his arguments 1) that the claim against him was barred by laches and 2) that the damages against him are limited by 35 U.S.C. § 286.

Both Civil Action No. 76–800 and this action involve the patent for the Stucki HS–6 snubber, a device used to control the phenomenon of rock and roll in railroad cars at high speeds. Mr. Schwam, the president of RDI, was responsible for the design and manufacture of the RDI Control/Master hydraulic snubber, which was ultimately found to infringe the Stucki HS–6 unit. The patent in question was issued to Stucki in 1974. In 1975, the president of Stucki advised Mr. Schwam of the Stucki patent and offered RDI a license under that patent. After obtaining the opinions of two attorneys that the Stucki patent was invalid, Mr. Schwam declined to acquire a license from Stucki. Instead RDI

commenced Civil Action No. 76–800, seeking a declaratory judgment that the Stucki patent for the HS–6 hydraulic snubber unit was invalid. Stucki counterclaimed, alleging that the manufacture and sale of RDI's Control/Master unit infringed the Stucki patent. RDI admitted that its Control/Master snubber infringed the Stucki patent if that patent was valid. The parties stipulated that any injunctive relief which was awarded to Stucki would be delayed until a final judgment in Stucki's favor. This Court held a jury trial on the liability issues in Civil Action No. 76–800 from May 19, 1980 to June 10, 1980.

The jury's answers to interrogatories established the validity of Stucki's patent, although the jury did not find the infringement by RDI to have been willful. After the parties waived a jury trial in connection with damages, the damages issues were tried before the Court. On August 25, 1981, this Court issued a judgment of $1,960,700. in favor of Stucki. On March 28, 1983, the Court granted Stucki's motion pursuant to Fed.R.Civ.P. 60(a) to amend the judgment *nunc pro tunc* to correct a clerical mistake, making the judgment in favor of Stucki $2,182,986., and denied all other post-trial motions.

RDI filed a motion for a stay of execution on this $2,182,986. judgment pending appeal to the Federal Circuit, which this Court granted on April 29, 1983. In a Memorandum filed May 11, 1983, the Court set forth the reasons for its discretionary determination, over Stucki's vehement objection, to stay the execution of Stucki's judgment without requiring a bond in the full amount of the judgment plus costs. The Stay Order was conditioned upon RDI's posting security in the amount of $1,100,000., taking all necessary steps to maintain the value of its assets, and allowing Stucki the right to inspect RDI's records.

On February 14, 1984, the Court of Appeals for the Federal Circuit issued as a mandate its judgment affirming this Court's judgment in favor of Stucki. Stucki then filed a motion for an injunction and for additional damages for infringing sales from February 10, 1981 on. RDI filed a motion to stay execution of this Court's judgment pending disposition of its petition for certiorari by the United States Supreme Court. On March 8, 1984, this Court granted Stucki's motion for an injunction against further sale or manufacture of infringing snubbers by RDI. The Court also denied RDI's motion to stay execution. On March 16, 1984, RDI filed a petition in bankruptcy. The automatic stay provision of 11 U.S.C. § 362 was modified by the bankruptcy court to permit this Court to rule on Stucki's motion for an award of additional damages for infringing sales from February 10, 1981 through March 9, 1984, the day the injunction became effective. On August 17, 1984, this Court entered an additional judgment of $607,730. in favor of Stucki for additional infringements by RDI not included in the prior judgment.

On November 4, 1983, while RDI's appeal to the Federal Circuit was pending, Stucki filed this action to hold Mr. Schwam and Worthington Industries, Inc., the two 50 percent shareholders of RDI, liable for, *inter alia,* the above-described patent infringement by RDI. This Court granted Stucki's motion for summary judgment on Count I of the complaint as to Stuart A. Schwam and entered a judgment that Mr. Schwam was jointly liable with RDI for the patent infringement which was adjudicated in 76–800. *See* Memorandum and Order of May 1, 1986 in Civil Action No. 83–5340.

In holding that Mr. Schwam was collaterally estopped from relitigating the issues of the validity of Stucki's patent, the infringement by RDI's Control/Master unit, and the resultant damages suffered by Stucki, this Court found that Mr. Schwam participated in and controlled the litigation in 76–800 on behalf of RDI and was fully represented in 76–800 such that he had had a full and fair chance to litigate these issues. *See Mother's Restaurant, Inc. v. Mama's Pizza, Inc.,* 723 F.2d 1566, 1569 & n. 4 (Fed.Cir.1983) (citation omitted). Further, the essence of the Court's holding

that Mr. Schwam was jointly liable with RDI for patent infringement was the undisputed evidence that Mr. Schwam directly participated in RDI's infringing activity by controlling the design, manufacture, and sale of the infringing goods. In other words, RDI's liability for patent infringement was derived in large part from Mr. Schwam's infringing activity.

■ Mr. Schwam requests reconsideration of his defense of laches in connection with Stucki's suit against him:

The law is well settled that in order to assert the defense of laches, the defendant must prove two essential elements: (1) unreasonable and inexcusable delay in the assertion of the claim; and (2) material prejudice to the defendant resulting from this delay, but the longer the delay, the less need there is to show specific prejudice.

*Leinoff v. Louis Milona & Sons, Inc.*, 726 F.2d 734, 741 (Fed.Cir.1984) (citation omitted). A six-year delay in filing raises a presumption of unreasonable delay and places the burden of proving an excuse for the delay and lack of injury caused by the delay on the plaintiff. *Id.* at 741–42. *See also* 35 U.S.C. § 286.

■ In this case, the Court is hard pressed to find any delay by Stucki in the assertion of its rights, much less inexcusable or unreasonable delay. Mr. Schwam received a letter from Stucki in 1975 offering RDI a license under the Stucki patent, which had only been issued in 1974. When RDI sued Stucki in 1976 to declare the patent invalid, Stucki elected to counterclaim against RDI and not to join Mr. Schwam as an additional defendant. Although Stucki did not sue Mr. Schwam until 1983, Mr. Schwam cannot claim that he did not have actual notice by 1976 that Stucki intended to and was attempting to enforce its patent rights.

Even if Stucki's delay in bringing an action directly against Mr. Schwam technically falls within the six-year presumption of unreasonableness, the Court finds that Stucki has shown reasonable excuse for the delay. First, Stucki did not act unreason-

ably in opting to bring suit against the RDI shareholders only when it became apparent that RDI could not post bond in the amount of Stucki's judgment against RDI. In addition, the Court will not find that Stucki unreasonably delayed the present action when it was RDI, under the direction of Mr. Schwam, that delayed the proceedings in the initial action first by petitioning this Court for a stay of execution pending appeal and later by filing its petition in bankruptcy.

Furthermore, there is no prejudice to Mr. Schwam resulting from the delay between 1976, when Stucki sued RDI, and 1983, when Stucki sued Mr. Schwam. Mr. Schwam suggests that he suffered prejudice as a result of the stipulation between RDI and Stucki that Stucki would not obtain an injunction until the entry of a final judgment in Stucki's favor. However, the additional infringing snubbers which RDI sold up until the date of the injunction do not constitute prejudice to Mr. Schwam as a result of any delay by Stucki in suing Mr. Schwam. Not only did Mr. Schwam control the litigation on behalf of RDI in which the stipulation was reached, but Mr. Schwam as president of RDI had control over the sale of additional infringing snubbers during the period prior to the issuance of the injunction. Nor does this stipulation constitute an agreement by Stucki to look exclusively to RDI for its damages, as Mr. Schwam now contends.

The fact that RDI may not have operated at a profit during a portion of the period between the trial and issuance of the injunction in Civil Action No. 76–800 is not prejudice to Mr. Schwam attributable to Stucki. Mr. Schwam participated in the decision that RDI should continue to manufacture infringing snubbers despite the falloff of profits.

Mr. Schwam also states that had he known that Stucki was going to hold him liable for the royalties on infringing snubbers sold by RDI, he would have pursued different financial policies on behalf of himself and RDI. The point is that by his direct involvement in these infringing activ-

ities, Mr. Schwam left himself vulnerable to suit for the royalties in question. Since there is no basis for finding that Stucki misled Mr. Schwam, his speculation about whether he would or would not be sued is immaterial.

Finally, there is no unfairness in allowing Stucki to prevail against Mr. Schwam on the basis of its 1983 complaint in this lawsuit. Mr. Schwam was never misled about Stucki's intentions. Stucki was not necessarily required to sue both RDI and Mr. Schwam in the same lawsuit. *See Jenn-Air Corporation v. Penn Ventilator Co.,* 464 F.2d 48, 50 & n. 1 (3d Cir.1972). *See also Leinoff,* 726 F.2d at 742. Mr. Schwam cannot contend that Stucki "slept on his rights" in any respect, or that there was any "unfair surprise" suffered by Mr. Schwam. For all of these reasons, the Court has determined that laches is inapplicable in this case.

Mr. Schwam also contends that 35 U.S.C. § 286 provides a limitation on the damages which may be awarded to Stucki in this action:

Section 286 Time limitation on damages
Except as otherwise provied by law, no recovery shall be had for any infringe-

ment committed more than six years prior to the filing of the complaint or counterclaim for infringement in this action.

. . .

Section 286 is the only statutory time limitation on a patent infringement action. *Leinoff,* 726 F.2d at 741. In circumstances such as are presented by this case, where a judgment against a corporation is later sought to be made jointly applicable to the corporation and the individual who was its moving force, it might be fair to consider the filing of the *first* action as "the filing of the complaint." No direct support for such a proposition has been cited to the Court. In the absence of some authority for recognizing an exception to the plain language of section 286, this Court will reduce Stucki's judgment against Mr. Schwam to those infringements by RDI within the six years prior to November 4, 1983 plus prejudgment interest.

In this case, the distinction may not amount to much of a difference in practical terms. Damages were awarded to Stucki against RDI for infringements between 1974 and 1984, the earlier portion having been broken down as follows:

|  | RDI Carsets Shipped | Royalty ($35.00/ Carset) | Royalty with Compound Interest at 6% |
|---|---|---|---|
| 12/1/74 – 4/30/75 | 2,406.75 | 84,236 | 124,400 |
| 5/1/75 – 4/30/76 | 5,043.00 | 176,505 | 245,977 |
| 5/1/76 – 4/30/77 | 6,805.00 | 238,175 | 312,105 |
| 5/1/77 – 4/30/78 | 7,145.00 | 250,075 | 309,493 |
| 5/1/78 – 4/30/79 | 9,488.00 | 332,080 | 386,807 |
| 5/1/79 – 4/30/80 | 13,296.00 | 465,360 | 513,013 |
| 5/1/80 – 2/9/81 | 7,999.75 | 279,991 | 291,191 |
| TOTAL | 52,183.50 | 1,826.422 | 2,182,986 |

*Railroad Dynamics, Inc. v. A. Stucki Co.,* 579 F.Supp. at 374. It is agreed that Stucki has received at least one million dollars in satisfaction of its judgments against RDI. These are the same judgments on which Mr. Schwam was made jointly liable by virtue of this Court's Memorandum and Order of May 1, 1986. It was of course this Court's intention to allow

Stucki only *one recovery* on these judgments. Thus, the joint judgments should be deemed reduced by the one million or so received by Stucki from RDI.

Pursuant to 35 U.S.C. § 286, Stucki may not recover damages from Mr. Schwam for infringements prior to November, 1977, six years prior to the filing of its complaint against Mr. Schwam.

The damages from infringements prior to *May 1, 1978*, amount to $748,991., or $991,975. with six percent compound prejudgment interest as of March 25, 1983, according to the chart above. It seems that the one million dollars already received by Stucki may cancel out the damages attributable to pre-November 1977 infringements. These calculations are, of course, imprecise.

In the interest of greater accuracy, the Court will vacate the judgment of May 1, 1986 entered May 7, 1986 against defendant Stuart A. Schwam as to damages only. An Order will be entered that in the event the parties cannot stipulate as to the precise calculation of the portion of the prior judgments against RDI attributable to infringements by RDI subsequent to November 4, 1977, with compound prejudgment interest at six percent, each party is directed to submit his proposed calculation of this amount for consideration by the Court.