1 F.3d 1252
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 In re AMSTED INDUSTRIES INCORPORATED, Petitioner.
 Misc. No. 369.
 United States Court of Appeals, Federal Circuit.
 May 14, 1993.
 
 Before RICH, MICHEL, and RADER, Circuit Judges.
 ON PETITION FOR WRIT OF MANDAMUS
 RICH, Circuit Judge.
 
 ORDER
 
 1
 Amsted Industries Incorporated (Amsted) petitions for a writ of mandamus to direct the Commissioner of Patents and Trademarks to vacate his directive restoring jurisdiction to the examining attorney and to direct the Commissioner to pass Amsted's mark to publication in the Official Gazette.
 
 
 2
 Briefly, Amsted sought registration of a trademark consisting of an orange colored plastic sheath covering a wire rope. The examiner originally refused registration on the grounds that the mark was likely to cause confusion and that the mark merely described "the color of the goods" and had not acquired distinctiveness. The Board remanded to the examiner to review "misplaced" evidence and to determine whether the evidence established that the mark had acquired distinctiveness. Thereafter, the examiner determined that the mark had acquired distinctiveness. On appeal, the Board affirmed the Examining Attorney's rejection based on likelihood of confusion.
 
 
 3
 Amsted appealed to this court. The court reversed the Board's decision and determined that concurrent use of other marks and Amsted's mark was "not likely to cause confusion or mistake or to deceive." In re Amsted Industries Incorporated, 972 F.2d 1326 (Fed.Cir.1992).
 
 
 4
 In December of 1992 (after this court's decision in Amsted), the examiner reported that "[u]pon further consideration, the Commissioner has restored jurisdiction to the examining attorney...." In that December decision, the examiner refused registration because the proposed mark is "merely an ornamental feature of the goods" and because of a conflict in the circuits, "the Federal Circuit should have an opportunity to reconsider the issue of the registrability of overall color."[1]
 
 DISCUSSION
 
 5
 "To ensure that mandamus remains an extraordinary remedy, petitioners must show that they lack adequate alternative means to obtain the relief they seek" and carry "the burden of showing [their] right to the issuance of the writ is 'clear and indisputable.' " Mallard v. U.S. Dist. Court for Southern Dist. of Iowa, 490 U.S. 296, 309 (1989) (citations omitted). Amsted has not shown that it lacks "adequate alternative means to obtain the relief" it seeks because on appeal Amsted may challenge PTO actions leading to any final adverse decision. Amsted's arguments concerning Mississippi Chemical Corp. v. Swift Agr. Chemicals, 717 F.2d 1374 (Fed.Cir.1983) are inapposite. In that case, Mississippi Chemical sought mandamus to direct the district court to grant summary judgment that a patent was invalid, because the patent had previously been invalidated in another case. We stated that an alleged infringer has a right "not to relitigate the validity of a patent that has been invalidated in a prior case in which the patentee had a full and fair opportunity to litigate validity." Mississippi Chemical, 717 F.2d at 1380. See Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313 (1971). This court concluded that mandamus was appropriate in Mississippi Chemical because Blonder-Tongue gave Mississippi Chemical the right to not have to relitigate the validity of the patent and that mandamus "is the only way to protect the rights that Blonder-Tongue gave to alleged infringers. If this case went to trial before the district court on the issue of validity, there is no adequate means by which Mississippi Chemical could correct the district judge's error of failing to apply Blonder-Tongue." Mississippi Chemical, 717 F.2d at 1380.
 
 
 6
 Here, Amsted does not cite any authority for the proposition that it has a right not to have to engage in further proceedings. See Lauro Lines v. Chasser, 490 U.S. 495, 498-501 (1989) (an order is "effectively unreviewable" for purposes of the collateral order doctrine only if the order "involves 'an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial' "; the issue of whether the trial court erred in allowing trial to proceed is not "effectively unreviewable on appeal from a final judgment" even though a party may encounter unnecessary trouble and expense in litigating). Amsted does not cite any authority for the proposition that it has a right to immediate review. Here, Amsted may obtain the relief it seeks, i.e., a determination that further proceedings were improper, on appeal after a final adverse Board decision.[2] See United States v. Watson, 603 F.2d 192, 196-97 (CCPA 1979) (petitioner did not establish lack of alternative means to obtain relief from the action; that the petitioner "may suffer hardship, inconvenience, or an unusually complex trial" does not provide a basis for the court exercising its discretion to grant mandamus). See also Federal Trade Commission v. Standard Oil Company of California, 449 U.S. 232, 244 (1980) (expenses and burdens of defending action does not constitute irreparable harm such that action taken by administrative agency could be reviewable before the conclusion of the administrative adjudication); Stephens v. Department of Health and Human Services, 901 F.2d 1571, 1576 (11th Cir.1990) (no right to mandamus where adequate alternative remedies, such as review under the Civil Service Reform Act, exist). The policy against piecemeal litigation outweighs any interest Amsted may have in avoiding further proceedings and we accordingly decline to exercise our discretion to grant this mandamus petition.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 Amsted's petition is denied.
 
 
 
 [1]
 This court addressed the issue regarding the registrability of an overall color of a product in In re Owens-Corning Fiberglass Corp., 774 F.2d 1116, 1128 (Fed.Cir.1985) (concluding that the overall color of the product could function as the product's trademark)
 
 
 [2]
 Amsted argues that there is no alternative remedy to obtain "immediate" relief. There is no requirement that the alternative remedy be "immediate" if subsequent review is an adequate alternative