**ABBOTT LABORATORIES, an Illinois corporation, Plaintiff,**

v.

**MYLAN PHARMACEUTICALS, INC., a West Virginia corporation, Defendant.**

**Abbott Laboratories, an Illinois corporation, Plaintiff,**

v.

**Mylan Pharmaceuticals, Inc., a West Virginia corporation, Defendant.**

Nos. 97 C 5450, 98 C 1280.

United States District Court, N.D. Illinois, Eastern Division.

March 4, 1999.

Kenneth David Greisman, Abbott Park, IL, Daniel E. Reidy, James A. White, Tina M. Tabacchi, Jones, Day, Reavis & Pogue, Chicago, IL, J. Daniel Kiser, Terry S. Coleman, Matthew D. Peterson, Fox, Bennett & Turner, Washington, D.C., for Plaintiff.

Chester Thomas Kamin, Darryl Mark Bradford, Andrew Allen Jacobson, Jenner & Block, Chicago, IL, Bart G. Newland, Bernard, Rothwell and Brown, Washing-ton, DC, Bradford P. Lyerla, Chicago, IL, E. Anthony Figg, Minaksi Bhatt, Bart G. Newland, Rothwell, Figg, Ernst & Kurz, P.C., Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff Abbott Laboratories ("Abbott") filed these two actions[1] for patent infringement against defendant Mylan Pharmaceuticals, Inc. ("Mylan") under 35 U.S.C. § 271(e)(2). Mylan moves for summary judgment, arguing that claim 4 of the patent is invalid.[2] For the reasons set forth below, the motion is granted.

### Background

Since 1987, Abbott has sold terazosin hydrochloride, a drug for the treatment of hypertension,[3] under the trademark HYTRIN. In 1997, Mylan sought approval from the U.S. Food and Drug Administration ("FDA") to market a generic version of HYTRIN containing anhydrous terazosin hydrochloride.[4] Abbott claims the capsules Mylan seeks to market would infringe claim 4 of its U.S. Patent No. 5,504,207 ("the '207 patent"). However, Mylan contends claim 4 is invalid and that its capsules therefore would not infringe the '207 patent.

### Collateral Estoppel

Claim 4, which claims a crystalline form of anhydrous terazosin hydrochloride (called Form IV), has already been held invalid. *Abbott Lab. v. Geneva Pharm.,*

1. Each of the suits, filed seven months apart, deals with a different dosage strength (or strengths) of the generic terazosin hydrochloride capsules that Mylan seeks approval to market (Case No. 97 C 5450, 5 mg; Case No. 98 C 1280, 1 mg, 2 mg and 10 mg). On May 5, 1998, the cases were consolidated pursuant to Fed.R.Civ.P. 42(a) and N.D. Ill. Local R. 2.31.

2. Mylan originally sought a ruling that claim 4 was both invalid and unenforceable. In a subsequent clarification, Mylan stated it seeks summary judgment based on invalidity only. (Def.'s Reply Br. in Supp. of Mot. for Summ. J. at 3.)

3. HYTRIN also is used in the treatment of benign prostatic hyperplasia.

4. Mylan's initial submission to the FDA requested approval to market 5 mg capsules. Subsequently, it amended its abbreviated new drug application ("ANDA") to include 1 mg, 2 mg and 10 mg dosage strengths as well.

*Inc.*, Nos. 96 C 3331, 96 C 5868, 97 C 7587, 1998 WL 566884, at *7 (N.D.Ill. Sept. 1, 1998) (Gottschall, J.) [hereinafter *Geneva* ]. The invention at issue, Form IV terazosin hydrochloride, was found to be on sale more than one year before Abbott filed its application for the '207 patent. *Id.* Hence, claim 4 was held invalid under 35 U.S.C. § 102(b). *Id.*

■■■ A judgment of invalidity generally bars the patentee from relitigating the issue. *Blonder–Tongue Lab. v. University of Illinois Found.*, 402 U.S. 313, 330–34, 350, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Mississippi Chem. Corp. v. Swift Agric. Chemicals Corp.*, 717 F.2d 1374, 1376 (Fed.Cir.1983). Unless the patentee can show she did not have a fair opportunity procedurally, substantively and evidentially to pursue her claim the first time, she is collaterally estopped from relitigating the validity question. *Blonder–Tongue*, 402 U.S. at 333, 91 S.Ct. 1434; *Mississippi Chem.*, 717 F.2d at 1376, 1379. There is nothing here to indicate Abbott did not have such a full and fair chance to litigate its claim in *Geneva.*[5] *See Blonder–Tongue*, 402 U.S. at 333, 91 S.Ct. 1434.

Accordingly, Mylan's motion for summary judgment is granted. There is no genuine issue of material fact as to the invalidity of claim 4 of the '207 patent, Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and therefore no genuine issue as to whether Mylan's proposed product infringes that claim. It does not.

### Conclusion

For the foregoing reasons, Mylan's motion for summary judgment is granted. Abbott is collaterally estopped from as-

serting the validity of claim 4 of the '207 patent.

---

**5.** Abbott contends I should stay these proceedings until its appeal in *Geneva* is decided by the Federal Circuit. Abbott argues, *inter alia,* that such a stay would avoid any resulting inefficiency if *Geneva* were reversed, and thus would promote judicial economy. However, the *Blonder–Tongue* estoppel doctrine

applies even when the earlier decision is on appeal. *Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc.,* 5 F.Supp.2d 399, 407 (N.D.W.Va.1998) (citing *Iron Ore Co. of Canada v. Dow Chem. Co.,* 177 U.S.P.Q. 34, 59 (D.Utah 1972)). I decline to order a stay in this instance.